## Court of Appeals.

*June*, 1887.

## PEOPLE *v.* WEST.

DILUTION OF MILK, ETC.—L. 1885, CH. 183.—CONSTITU-
TIONALITY OF STATUTE.—INDICTMENT.

An indictment for a statutory misdemeanor charging the facts constituting the crime in the words of the statute, and containing averments as to time, place, and person, and other circumstances to identify the particular transaction, is good as a pleading.

It is not a good objection to a statute prohibiting a particular act, and making its commission a public offense, that the prohibited act was before the statute lawful, or even innocent, and without any elements of moral turpitude.

The prohibition of L. 1885, ch. 183, § 3, against supplying or bringing to any butter or cheese manufactory, milk diluted with water to be manufactured into butter or cheese, is constitutional.

This statute does not make a fraudulent intent a necessary ingredient of the offense. It puts upon the person bringing or supplying milk to a butter or cheese manufactory the risk of ascertaining that the milk is pure.

It is not necessary to the validity of a penal statute that the legislature should declare on the face of the statute the policy and purpose for which it was enacted. It is sufficient if it enacts a plain and definite rule not inconsistent with fundamental principles.

An inapt or defective title to a criminal statute does not make void a provision not within the exact scope or purpose of the act as expressed in its title.

Appeal by defendant Hanford West from a judgment of the General Term of the Supreme Court in the Fifth Department of April 9, 1887, reversing a judgment of the Court of Sessions of Erie County entered upon an order sustaining a demurrer to the indictment.

The facts and indictment sufficiently appear in the opinion of the Court of Appeals.

*A. J. Knight,* for defendant-appellant.

*George T. Quinby,* district-attorney, for the people, respondent.

The opinion of the Supreme Court at General Term was as follows :

SMITH, P. J.—The indictment charges that at the town of Sardinia, Erie County, on July 8, 1886, the defendant " did wrongfully, unlawfully, and knowingly supply and bring to be manufactured into cheese, to a cheese manufactory, then and there situate, a certain quantity of milk,— to wit, ten gallons,—which said milk was then and there diluted with water ; the said Hanford West then and there bringing the said milk so diluted to the factory for the purpose of having the same manufactured into cheese, contrary to the form of the statute, etc."

The third section of chapter 202 of the Laws of 1884, entitled " An Act to prevent deception in sales of dairy products," provides, among other things, that " no person or persons shall sell, supply, or bring to be manufactured to any butter or cheese manufactory, any milk diluted with water, or any unclean, impure, unhealthy, adulterated, or unwholesome milk," etc., and it provides that whoever violates the provisions of said sections shall be guilty of a misdemeanor.

The same provisions are contained in the third section of chapter 183 of the Laws of 1885, entitled " An Act to

prevent deception in the sale of dairy products, and to pre-
serve the public health," being supplementary to and in aid
.of the act first above referred to.

If these statutes are a valid exercise of legislative power,
the act charged in the indictment is a misdemeanor. The
defendant's counsel contends that the statutes violate the
constitutional provisions that no person shall be deprived of
his property or liberty without due process of law, and are
therefore void. The object of the statutes referred to is to
protect the public health. Although that purpose is not
specified in the title of the earlier act, it appears very clear-
ly from many of its provisions, and it is specified in the
title of the act of 1885, which is declared to be in aid of the
former act, and which re-enacts most of its provisions, in
*hæc verba*, including the section under which the indictment
is framed. To that end the Legislature has power to pre-
vent, by reasonable enactments, the sale, or the putting on
the market, of articles of food which are deleterious to pub-
lic health, by reason of impurity, adulteration, or any un-
wholesome quality or condition. It is for the Legislature,
and not for the courts, to decide, whether the impure or
adulterated article, the sale of which is prohibited, is or is not
injurious to the public health. People *v.* Cipperly, 4 *N. Y.
Crim. Rep.* 69; dissenting opinion of LEARNED, P.J., adopted
by the Court of Appeals, 101 *N. Y.* 634 ; 4 *N. Y. Crim.
Rep.* 69 ; Powell *v.* Commonwealth, 26 *Am. L. Reg.* 83,
and note.

The dilution of milk with water is an adulteration. One
of the definitions of the term "adulterated" given by Wor-
cester is, " to corrupt by some foreign mixture, or by inter-
mixing what is less valuable," and section 13 of the act of
1884 clearly implies that the law-makers regarded milk di-
luted with water as adulterated ; likewise, section 16 of the
act of 1885. Another object intended to be accomplished by
the statutes referred to, as is indicated by the title of each
of them, is to prevent deception in sales of dairy products.
Both the objects of the statutes are had in view by the pro-

vision prohibiting the selling or furnishing of milk adulterated by dilution with water, to a cheese or butter factory, to be manufactured into cheese or butter. The difficulty of detecting the deception, in the manufactured article, undoubtedly led to the enactment. The case is not analogous to that of *In re* Jacobs, 2 *N. Y. Crim. Rep.* 539; 98 *N. Y.* 98, cited by the defendant's counsel, where a statute passed ostensibly for the public health was declared unconstitutional on the ground that it had no relation to that subject.

In Commonwealth *v.* Waite, 11 *Allen*, 264, where a similar enactment to the one in hand was upheld, the court said, "It is notorious that the sale of milk adulterated or mixed with water is extensively practiced with a fraudulent intent. It is for the Legislature to judge what reasonable laws ought to be enacted to protect the people against this fraud, and to adapt the protection to the nature of the case."

Similar statutes prohibiting the sale of milk reduced below a certain standard on account of the presence of water were held constitutional in Commonwealth *v.* Evans, 132 *Mass.* 11; State *v.* Smythe, 14 *R. I.* 100; People *v.* Cipperly, *supra;* People *v.* Schaeffer, 41 *Hun,* 24.

The defendant's counsel contends that the indictment is demurrable for the reason that for aught that is alleged in it, the factory to which the milk was brought was a private factory, used by the defendant alone, and the cheese was not to be manufactured for the market, and no third person could be injured by the act charged against the defendant. We are of the opinion that if any of the circumstances suggested exist they are matter of defense. They need not be negatived by the indictment. As that alleges all the facts necessary to constitute the offense as defined by the statute, it is sufficient. Even if the cases supposed had been excepted from the operation of the statute, by its own terms, it would have been incumbent on the defendant to show that his case is within one of the exemptions. People

*v.* Walbridge, 6 *Cow.* 513; Fleming *v.* People, 27 *N. Y.* 329.

We think the judgment should be reversed and the case remitted to the Court of Sessions, with directions to over-rule the demurrer and require the defendant to plead to the indictment.

HAIGHT and BRADLEY, JJ., concur; BARKER, J., not voting.

The opinion of the Court of Appeals was as follows:

ANDREWS, J.—The third section of the act, chapter 183, of the Laws of 1885, entitled "An Act to prevent deception in the sale of dairy products and to preserve the public health," supplementary to and in aid of chapter 202 of the Laws of 1884, entitled "An Act to prevent deceptions in sales of dairy products," provides, among other things, that "No person or persons shall sell, supply or bring to be manufactured to any butter or cheese manufactory, any milk diluted with water, or any unclean, impure, unhealthy, adulterated or unwholesome milk," etc., and declares that whoever violates the provisions of the section shall be guilty of a misdemeanor.

The indictment in this case "accuses the defendant of the crime of watering milk and bringing the same to a manu-factory for the purpose of making the same into cheese," and charges "that the said Hanford West, at the Town of Sardinia, in the County of Erie, on the 8th day of July, 1886, did wrongfully, unlawfully and knowingly supply and bring, to be manufactured into cheese, to a cheese manufac-tory then and there situate, a certain quantity of milk, to wit: ten gallons, which said milk was then and there diluted with water; the said Hanford West then and there bringing the said milk so diluted to the factory, for the purpose of having the same manufactured into cheese, contrary to the form of the statute," etc.

The defendant demurred to the indictment, and the only

question presented is whether the indictment charges a criminal or indictable offense. The indictment follows the language of the statute, and the general rule is well settled that an indictment for a statutory offense, and especially when the offense is a misdemeanor, charging the facts con-stituting the crime in the words of the statute, and containing averments as to time, place and person and other circumstances to identify the particular transaction, is good as a pleading, and justifies putting the defendant on trial. *Whart. Cr. Law*, § 364; People *v.* Taylor, 3 *Denio*, 91.

But this rule presupposes that the statute creating the offense is a valid exercise of legislative power. The validity of the statute in question is assailed, upon the ground that it converts what is or may be an innocent act into a criminal offense, and that is a restriction upon that natural liberty possessed by every owner of property to use it in any lawful way.

The power of the Legislature to define and declare public offenses is unlimited, except in so far as it is restrained by constitutional provisions and guarantees. A legislative act is presumptively valid; and whoever questions its validity must be able to point to some limitation or restriction, or to some guaranty in the Constitution of the State or the United States which it violates, before its operation can be stayed or the court be called upon to pronounce it void. Bertholf *v.* O'Reilly, 74 *N. Y.* 509.

It is not a good objection to a statute prohibiting a particular act and making its commission a public offense, that the prohibited act was before the statute lawful or even innocent and without any elements of moral turpitude. It is the province of the Legislature to determine in the interest of the public what shall be permitted or forbidden; and the statutes contain very many instances of acts prohibited, the criminality of which consists solely in the fact that they are prohibited, and not at all in their intrinsic quality.

The unnecessary multiplication of mere statutory offenses

is undoubtedly an evil; and the general interests are best promoted by allowing the largest practicable liberty of individual action; but nevertheless the justice and wisdom of penal legislation, and its extent, within constitutional limits, is a matter resting in the judgment of the legislative branch of the government, with which courts cannot interfere.

The provision in the third section of the act of 1885, now in question, is, we think, a valid exercise of legislative power. The act, as the title indicates, was aimed at the prevention of frauds in dealings in dairy products, and the preservation of the public health.

The prohibition in the third section against supplying or bringing to any butter or cheese manufactory milk diluted with water, to be manufactured into butter or cheese, does not make a fraudulent intent a necessary ingredient of the crime. It puts upon the person bringing or supplying milk to a butter or cheese manufactory the risk of ascertaining that the milk is pure.

It is well known that the system of manufacturing butter and cheese in factories established for the purpose is very common; and this provision of the act of 1885 was doubtless designed for the protection of persons interested in the common enterprise against fraudulent practices which should unduly enhance the gains of one to the injury of others. This purpose is not in terms expressed in the title of the act or in the section in question. But this was not necessary. The act of mixing water with milk intended for a butter or cheese factory could seldom be committed, except for a fraudulent purpose. It is not necessary to the validity of a penal statute that the Legislature should declare on the face of the statute the policy or purpose for which it was enacted. It is sufficient if it enacts a plain and definite rule not inconsistent with fundamental principles. An inapt or defective title to a criminal statute does not make void a provision not within the exact scope or purpose of the act as expressed in the title.

We are referred to no constitutional provision in support of the alleged invalidity of the statute in question, except the time-honored and memorable declaration that no person shall be deprived of life, liberty and property without due process of law. The act in question invades neither life, liberty nor property. It destroys no existing property (Wynehamer *v.* People, 13 *N. Y.* 378); it deprives no one of the right to obtain an honest livelihood (*Re* Jacobs, 2 *N. Y. Crim. Rep.* 539; 98 *N. Y.* 108); and it curtails no one in the exercise of any right, except the right to do an act which under ordinary circumstances could only be done with a fraudulent purpose.

It is said that the prohibition in the third section extends so far as to make it criminal for a dairyman owning and conducting a butter or cheese factory for the manufacture of butter and cheese from milk exclusively produced by himself, to supply the factory with milk from his own cows, mixed with water. This would not be a reasonable construction of the act; and if such a supposed state of facts exists in this case, it is matter of defense on the trial, and it was not necessary to negative their existence on the face of the indictment. Commonwealth *v.* Dana, 2 *Met.* 341; People *v.* Walbridge, 6 *Cow.* 513; Fleming *v.* People, 27 *N. Y.* 329.

The following authorities tend to sustain the views above expressed on the main question considered : People *v.* Cipperly, 4 *N. Y. Crim. Rep.* 69; 101 *N. Y.* 634; People *v.* Arensberg, 5 *N. Y. Crim. Rep.* 77; 105 *N. Y.* 123; Phelps *v.* Racy, 60 *N. Y.* 10; Commonwealth *v.* Waite, 11 *Allen,* 264; Commonwealth *v.* Evans, 132 *Mass.* 11.

We think the judgment is right, and should be affirmed.

All concur.