THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v.
ANDREW WELDON, Appellant.

*It seems* that under the Penal Code (§ 550), in an indictment for receiving
stolen goods, it is not necessary to allege in terms that the property was
received by the accused feloniously or with criminal intent.

*It seems*, also, that conceding a person who receives such property with a
laudable intent, is not guilty of the crime, and even if a proviso to that
effect had been incorporated in the statute, it would not have been
necessary to negative the exception in the indictment; it would be for
the defendant to show that he came within the exception.

In such an indictment it was alleged that the defendant criminally received
the property. *Held*, that this was the equivalent of feloniously, and con-
stituted a sufficient averment of criminal intent.

Also, *held*, that if the indictment was defective in this respect the case
came within the provision of the Code of Criminal Procedure (§ 285),
providing that "no indictment is insufficient * * * by reason of
an imperfection in matter of form which does not tend to the prejudice
of the substantial rights of the defendant on the merits."

Upon a criminal trial S., a witness for the prosecution, testified to a con-
versation with one of defendant's witnesses who had been previously
examined and had testified that he had no conversation with S. on the
subject. This was objected to on the ground that defendant's witness
had not been previously particularly interrogated as to the time, place,
etc., and it was received under objection. Defendant thereafter recalled
his witness and interrogated him particularly as to the alleged conversa-
tion, and he contradicted the version of it testified to by S. *Held*, that
while the objection was well taken and would have been fatal to the
conviction if defendant had rested upon his exception, he waived the
objection by recalling and examining his witness.

The presumption arising from the recent possession of stolen goods, when unexplained, of a criminal connection with the theft, applies as well to a person charged with unlawfully receiving them as to one charged with the original taking.

(Submitted December 3, 1888; decided December 18, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 17, 1888, which affirmed a judgment of the Court of Sessions of Jefferson county, entered upon a verdict convicting the defendant of the crime of receiving stolen goods, knowing them to have been stolen.

The indictment charged as follows :

" The grand jury of the county of Jefferson, by this indictment, accuse Andrew Weldon of the crime of criminally receiving stolen property knowing the same to have been stolen, committed as follows :

" The said Andrew Weldon, on the seventeenth day of August, in the year of our Lord one thousand eight hundred and eighty-seven, at the city of Watertown, in the county of Jefferson and state of New York, did receive from Daniel Hoolihan, *alias* Daniel Jones, one silver watch of the value of $45, which watch had previously on that same day, at said Watertown, been stolen from the owner thereof, George Dawson, by said Hoolihan, *alias* Jones, and said Andrew Weldon did so receive said stolen watch, knowing the same to have been so stolen as aforesaid."

The material facts are stated in the opinion.

*E. C. Emerson* for appellant. When the language of a statute taken literally would lead to an absurdity or manifest injustice, it is the duty of the court to limit or restrict its operation. (*People* v. *Davenport*, 91 N. Y. 575, 585 ; *People* v. *Comrs. of Taxes*, 95 id. 554, 558, 559 ; *Smith* v. *People*, 47 id. 330, 337 ; *People* v. *Lambier*, 5 Denio, 9 ; *Donaldson* v. *Wood*, 22 Wend. 395, 397.) The exact and literal wording of an act may be rejected when it is plain it would not carry out the legislative intent. (*Bell* v. *Mayor, etc.*, 105 N. Y. 139,.

144; *People* v. *Lacombe*, 99 id. 44, 48.) A thing within the intent is as much within the statute as if within the letter, and a thing within the letter is not within the statute unless within the intent. (Bacon's Abridgment, tit. Statute, 1, 5 ; *Holmes* v. *Carley*, 31 N. Y. 289, 290 ; *People* v. *Utica Ins. Co.*, 15 Johns. 358, 381.) Such intention may be collected from the cause or necessity of enacting the statute. (*People* v. *Lacombe*, 99 N. Y. 44, 49 ; *Holmes* v. *Carley*, 31 id. 289, 290 ; *Pillow* v. *Bushnell*, 5 Barb. 156, 159 ; *People* v. *Utica Ins. Co.*, 15 Johns. 358, 380 ; *People* v. *Spicer*, 99 N. Y. 225, 233 ) Penal statutes must be construed strictly. (*Bonnell* v. *Griswold*, 80 N. Y. 128 ; *Van Valkenburg* v. *Torrey*, 7 Cow. 252.) If there is a reasonable doubt as to the construction, the defendant must be given the benefit of such doubt. (*Chase* v. *N. Y. C. R. R. Co.*, 26 N. Y. 523, 525 ; *Whitney* v. *Baker*, 63 id. 62, 67.) To make out the offense of receiving stolen property, it must appear that it was received with a felonious or unlawful intent, or for the purpose of defrauding the true owner. (1 Colby on Crim. Law [6th ed.], § 1138 ; 2 Russ. on Crimes, 247 ; *People* v. *Johnson*, 1 Park. 564 ; *Miller* v. *People*, 25 Hun, 473 ; *Chatterton* v. *People*, 15 Abb. Pr. 148, 149.) Wherever a legislative enactment has received judicial construction, a re-enactment of substantially the same provisions in a subsequent statute will be deemed an adoption by the legislature of such construction. (*Davis* v. *Davis*, 75 N. Y. 221, 225, 226 ; *People* v. *Green*, 56 id. 466, 475.) As this felonious or unlawful intent was an essential element to constitute the crime, it was necessary to aver its existence in the indictment by some apt descriptive words. (1 Bish. on Crim. Pro. [3d ed.] §§ 81, 84 ; 1 Barb. on Crim. Law, 320 ; Arch. on Crim. Plead. [4th Am. ed.] 38 ; *People* v. *Allen*, 5 Denio, 76 ; *Sherwin* v. *People*, 100 N. Y. 351.) If the defendant's guilty knowledge or intent is a substantial ingredient in the offense, it must be alleged. (*King* v. *Jukes*, 8 D. & E. 536 ; *People* v. *Lohman*, 2 Barb. 216, 218 ; 1 N. Y 379, 382 ; *People* v. *D'Argencour*, 32 Hun, 178 ; 1 Bish. on Crim. Pro. [3d ed.] §§ 522, 523.) If the act is criminal in its nature, an

evil intent is presumed and it need not be alleged. (1 Bish. on Crim. Pro. [3d ed.] § 524.) But if such unlawful intent is not to be inferred from the act itself, it must be alleged in the indictment. (1 Bish. on Crim. Pro. [3d ed.] § 521; *King* v. *Phillips,* 6 East, 464, 473, 474; 1 Chitty on Crim. Law, 233.) It has been the uniform practice to allege in indictments the existence of such intent. (3 Chitty on Crim. Law, 988; Arch. Cr. Pl. [4th Am. ed.] 256; 2 id. [8th ed.] 1422; Whart. Prec., No., 453; 2 Colby's Cr. Law, 156; *People* v. *Johnson,* 1 Park. 564; *Miller* v. *People,* 25 Hun, 473.) An indictment upon a statute must state all the facts necessary to constitute the statutory offense. (*People* v. *Allen,* 5 Denio, 76; *Tully* v. *People,* 67 N. Y. 15, 19; *Eckhart* v. *People,* 83 id. 462, 463; 1 Whart. Cr. Law, § 364; 2 Colby's Cr. Law, 113, 114; 1 Bish. Cr. Pro. [3d ed.] §§ 625, 626; 2 id. § 868; *People* v. *Wilbur,* 4 Park. 19, 21.) The indictment must be drawn according to the statute as construed by the courts. (1 Bish. Cr. Pro. [3d ed.] § 628; 2 id. § 868; *United States* v. *Pond,* 2 Curtis C. C. 265, 268; *The Mary Ann,* 8 Wheat. 380, 389.) While the Code has abolished the forms of criminal pleadings, the indictment must still set forth all the facts constituting the crime. (Crim. Code, §§ 275, 276, 284, subd. 6.) The indictment must name the crime which is imputed to the defendant, and must also set out the facts which show such an offense has been committed. If either of the above elements are omitted, such omission is fatal. (*People* v. *Dumar,* 106 N. Y. 502, 509, 510.) As the indictment failed to set forth sufficient facts to show the commission of a criminal offense, the defendant could avail himself of the objection, either upon the trial or in arrest of judgment. (Code of Crim. Pro. §§ 323, 331, 467; *Sherwin* v. *People,* 100 N. Y. 351, 355; *People* v. *Johnson,* 1 Park. 564.) Before proof of statements made by a witness can be competent to discredit or impeach his testimony, the attention of the witness must be first called to the time and place of the conversation, and he must be asked specifically whether he made the statements claimed. (*Sloan* v. *N. Y. C. R. R. Co.,* 45 N. Y. 125, 127; *Budlong* v.

*Van Nostrand*, 24 Barb. 25 ; 1 Greenl. on Ev. § 462 ; *Gaffney* v. *People*, 50 N. Y. 416, 423 ; *Stacey* v. *Graham*, 14 id. 492 ; *Palmer* v. *Haight*, 2 Barb. 210, 213 ; *Kimball* v. *Davis*, 19 Wend. 437 ; *Hart* v. *H. R. Bridge Co.*, 84 N. Y. 56, 60 ; *Angus* v. *Smith*, 1 Mood. & M. 473 [22 Eng. Com. Law, 360] ; 2 Phil. on Ev. [5th Am. ed.] 803, marg. 959 ; *Queen's Case*, 2 Br. & Bing. 300, 313 [6 Eng. Com. Law, 155, 161] ; *Sprague* v. *Cadwell*, 12 Barb. 516, 519.)    The court erred in charging the jury that the law raised a presumption of guilt from the possession of the stolen property.    (*Knickerbocker* v. *People*, 43 N. Y. 177 ; 2 Russ. on Crimes, 123 ; *People* v. *White*, 3 Crim. Rep. 367, 368 ; *Storer* v. *People*, 56 N. Y. 315.)

*Frank H. Peck* for respondent.    The indictment is good. (Crim. Code, § 276 ; *People* v. *Peck*, 2 N. Y. Crim. Rep. 314.)    The effect of section 273 of the Criminal Code is to give to pleadings a more liberal interpretation.    (97 N. Y. 62 ; Crim. Code, § 684.)    It was no error on the part of the court to permit Spellicy to testify that, after defendant's arrest, he had a conversation with defendant's brother, Thomas Weldon, the witness' attention having been directed to the place where the conversation was had, to the time when had, to the person with whom the conversation was had, and to the subject matter of the conversation.    (45 N. Y. 127.)    Possession of property recently stolen calls upon the possessor to account for his possession, and there was no error in the judge's charge in that respect.    (2 Bishop on Crim. Pro. 152 ; *Knickerbocker* v. *People*, 43 N. Y. 179 ; *Lindsay* v. *People*, 63 id. 144.)

Ruger, Ch. J.    The defendant was indicted and tried in the Court of Sessions of Jefferson county, for the crime of receiving a silver watch, knowing it to have been stolen, and was convicted of the offense.    The General Term affirmed the conviction and the defendant appeals therefrom to this court.

Direct evidence was given upon the trial to establish all of the essential elements of the crime charged, and the

verdict of the jury must, therefore, be taken as conclusively establishing the guilt of the defendant, unless some exception taken on the trial was well taken by him.

He contends, among other things, that the indictment is defective in not alleging that the property was received by him feloniously or with criminal intent, and argues that the statute could not have been intended to include within its provisions, a person who received such property with intent to restore it to its lawful owner, or for the purpose of its preservation.

It is generally sufficient to state an offense in the language used in the statute defining the crime. As said by Judge FOLGER in *Phelps* v. *People* (72 N. Y. 349): "If the indictment avers the offense as the statute defines it, the averment is sufficient. For the rule is that while in framing an indictment on a statute all of the circumstances which constitute the definition of the offense in the statute itself, so as to bring the accused precisely within it must be stated, yet no other description of the thing in which the offense was committed is necessary to be stated than that contained in the statute itself." (*Eckhardt* v. *People*, 83 N. Y. 462.) The same rule is also laid down in the recent case of *People* v. *West* (106 N. Y. 293).

The section of the Penal Code defining the crime in question is quite broad, and includes within its terms all persons who receive stolen property knowing it to have been stolen. No exceptions, either as to the description of the persons committing the crime, or as to the intent with which the property is received, are made by the statute. It declares that "a person who buys or receives any stolen property, knowing the same to have been stolen, is guilty of criminally receiving such property." (Penal Code, § 550.)

Conceding that a person who receives such property, with a laudable intent, is not guilty of the commission of the crime, and a proviso to that effect has been incorporated in the act, it is not necessary for the pleader to negative the exception in the indictment. The fact might have been a defense, but it would be for the defendant to show that he

came within the exception. (*Fleming* v. *People*, 27 N. Y. 334 ; *People* v. *West, supra*.)     The allegation in the indictment that the defendant criminally received the property in question is, as here used, the equivalent of feloniously, and constitutes a sufficient description of the intent with which the property was taken if it was necessary to allege that fact. (*People* v. *Willett*, 102 N. Y. 251.)   Even if it were necessary to negative the possibility of an innocent reception of the property by the defendant, the statement that he criminally received it would, under the liberal rule of pleading now established, be a sufficient averment of the fact that he did so under circumstances constituting a crime.   It is impossible to see how the defendant could have been prejudiced by the alleged defect, and we are of opinion that, in any view, the case comes within the provisions of section 285 of the Code of Criminal Procedure providing that "no indictment is insufficient   *   *   *   by reason of an imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

The defendant also alleges that the court erred in allowing the People's witness, Spellicy, to testify to a conversation held by him with one of the defendant's witnesses who had previously been sworn, and testified that he had had no conversation with Spellicy upon the subject referred to.   The objection was that the defendant's witness had not been previously interrogated as to the time, place and subject of the alleged conversation.   There is no doubt but that this objection was well taken, and if the case had rested here, and the defendant had elected to stand on his exception, we are of the opinion that it would have been fatal to the conviction.   The defendant, however, did not do so, but chose to recall his witness and interrogate him particularly as to the alleged conversation.   The witness then gave evidence tending to contradict the version of the conversation testified to by Spellicy.   We think this constituted a waiver of the objection previously taken by the defendant.   He voluntarily elected to put his witness in the position of contradicting the testimony of Spellicy, and going

to the jury upon the question of veracity as between the respe彡tive witnesses, and cannot, under the circumstances, complain that his witness was unfairly subjected to a contra- diction which might have been obviated, if his attention had been previously called to the particular subject. The witness thus had ample opportunity to correct the evidence previously given by him, or to explain the apparent inconsistency existing between his testimony and his former statements. (*Gaffney* v. *People*, 50 N. Y. 423.)

. It was said by Chief Judge CHURCH, in *Sloan* v. *New York Central Railroad Company* (45 N. Y. 125), that, "the wit- ness sought then to be impeached, should have an opportu- nity of making an explanation in order that it may be seen whether there is a serious conflict, or only a misunderstanding or misapprehension; and for the purpose of eliciting the real truth, this court may vary the strict course of examination."

The jury here had before them all of the statements of both witnesses as to the alleged conversation, and could fairly estimate the weight to be attached to the testimony given by them respectively upon the subject. The whole object of the rule excluding contradictory statements made by a witness, unless he has previously been interrogated thereto, was thus attained, and we do not think the defendant was unfairly prejudiced by the course pursued at the trial. The exceptions to the requests to charge were neither of them well taken. There is no question but that the recent pos- session of stolen property by a person, raises a presumption of guilt which may be considered by the jury, and, in the absence of explanation by such person, authorizes it to infer a criminal connection with its acquisition. This presumption applies as well to a person charged with unlawfully receiving as to one charged with its original taking. If it raises a presumption of guilt as to the more serious crime, much more should it be evidence of the guilt implied in the lesser offense. (*Knickerbocker* v. *People*, 43 N. Y. 179; *Stover* v. *People*, 56 id. 316.) The presumption grows weaker as the time of possession recedes from the time of the original

taking; but the fact itself is one for the consideration of the jury under all of the circumstances of the case.

There was no element of the crime which called for the application of any rules relating to circumstantial evidence, and the court committed no error in declining to charge thereon as requested by the defendant

The judgment should be affirmed.

All concur.

Judgment affirmed.