Third Appellate Department, June, 1905. Reported. 106 App. Div. 617.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES FINNIMORE, Appellant.

*L. E. Ginn*, for appellant.

The object and purpose of the Liquor Tax Law was and is to regulate the traffic in intoxicating liquors, and no other. (*People ex rel. Einsfeld* v. *Murray*, 149 N. Y. 377.) Any statute which purports to make criminal traffic without license in any of the

non-intoxicating, harmless beverages, ought to be held unconstitutional. (Am. & Eng. Ency. Law, vol. 17, p. 2061.) Where an indictment charges the sale of beer or lager beer without a liquor tax certificate, it is as essential under the Liquor Tax Law as it was under the old excise laws to allege in the indictment and prove on the trial that such lager beer was intoxicating, because the courts take judicial notice that there are lager beers which are and which are not intoxicating. (*Blatz* v. *Rohrbach*, 116 N. Y. 450; *Schlosser* v. *State*, 55 Ind. 82; *People* v. *Rau*, 63 N. Y. 277; *Matter of Hunter*, 34 Misc. 389; affirmed, 59 App. Div. 626.) A fine of five hundred dollars, or imprisonment for two hundred and fifty days, was excessive. The Trial Court imposed a more severe sentence on this defendant than other defendants convicted of the same offense at the same term of court. Justice requires a new trial. (Code Crim. Proc. § 527.) By comparison, the judgment seems cruel and unusual. (New York Constitution, Art. 1, § 5.)

*Clarence S. Ferris, District Attorney,* for the People.

The indictment charging the sale " of distilled and rectified spirits, wine, fermented and malt liquors, in quantities less than five wine gallons at a time, to wit: three glasses of lager beer," is good. (*People* v. *West*, 106 N. Y. 293; *People* v. *Welden*, 111 N. Y. 569; *People* v. *Adams*, 85 App. Div. 390.) The rule laid down in *Blatz* v. *Rohrbach* (116 N. Y. 450), is not applicable. As stated by the court in that case, and as will appear from the title (L. 1873, chap. 549), the purpose of the statute then in force was to regulate " The sale of intoxicating liquors." The Liquor Tax Law is entitled "An act in relation to the traffic in liquors," etc., and the term " liquors " as defined therein includes lager beer and malt liquor. It is not necessary to allege in the indictment or prove on the trial that the same was intoxicating. It was in the discretion of the Trial Court to impose a fine of five hundred dollars, or imprisonment in the county jail for two hundred and fifty days. The maximum punishment which might have been inflicted was much greater.

Judgment of conviction affirmed.

No opinion.

All concurred.