(109 App. Div. 143.)

## PEOPLE v. MYERS.

(Supreme Court, Appellate Division, Fourth Department.  November 15, 1905.)

1. INTOXICATING LIQUORS—INDICTMENT—KIND OF LIQUOR SOLD.

Laws 1897, p. 207, c. 312, § 2, provides that the term "liquors" as used in the act shall include all distilled or rectified spirits, wines, fermented or malt liquors.  Section 31, p. 233, provides that it shall not be lawful for any person who has not paid a tax and posted the certificate provided by the act to sell liquors in any quantity in less than five wine gallons at a time.  *Held*, that an indictment charging violation of the latter section need not allege that the liquors sold were distilled or rectified spirits, wines, fermented or malt liquors; it being sufficient to charge the offense in the language of such section.

[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Intoxicating Liquors, § 231.]

2. SAME—QUANTITY OF LIQUOR SOLD.

An indictment under Laws 1897, p. 233, c. 312, § 31, alleging, in the language of the statute, that defendant sold liquor in quantities less than five wine gallons at a time, was sufficient without stating the exact quantities sold.

[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Intoxicating Liquors, § 235.]

Appeal from Special Term, Wayne County.

William A. Myers was prosecuted for violation of the liquor tax law. From a judgment sustaining his demurrer to the indictment, the people appeal.  Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Charles T. Ennis, for the People.

George Raines, for respondent.

NASH, J.  The indictment accuses William A. Myers of the crime of a misdemeanor, to wit, a violation of section 31 of the Liquor Tax Law, Laws 1897, p. 233, c. 312, of the state of New York, committed as follows:  The said William A. Myers, prior to the date hereof, and on or about the 9th day of November, 1904, at town of Galen in the county of Wayne and state of New York, with force and arms, and without having paid a tax, as provided in section 2 of said liquor tax law, and obtained and posted the liquor tax certificate as provided in said law, unlawfully and willfully did sell certain liquors in quantities less than five wine gallons at a time to Aaron Rhinehart and Edward A. Leonard, and to divers other persons to the grand jurors aforesaid unknown, and did then and there deliver, and cause to be delivered, in pursuance of such sale. to the said Aaron Rhinehart and Edward A. Leonard, and to the said divers persons to the said grand jurors aforesaid unknown, said liquors, against the form of the statute in such case made and provided, and against the peace of the people of the state of New York and their dignity.  The liquor tax law defines the term "liquors," as used in the act, to include and mean all distilled or rectified spirits, wine, fermented or ,malt liquors, and a sale of liquor of less than five gallons shall be "trafficking in liquors," within the provisions of the act (section 2). Section 31 provides that it shall not be lawful for any person who has

not paid a tax and posted the liquor tax certificate provided by the act to sell, etc., liquors in any quantity in less than five wine gallons at a time; nor, without having paid such tax and complied with the provisions of the act, sell liquor in any quantity whatever, any part of which is to be drunk on the premises of such vendor. The statute defines the term "liquors" as used in the act to include and mean all distilled and rectified spirits, etc., and provides and makes it unlawful for any person who has not complied with the provisions of the act to sell liquors in quantities less than five gallons at a time. The indictment charges the defendant with having sold, in violation of section 31 of the act, certain liquors. It follows the language of the act. To have charged that the liquors alleged to have been sold were "distilled or rectified spirits, wine, fermented or malt liquors," would not have any more clearly defined or described the kind of liquor alleged to have been sold. That is done by the provisions of the statute. The definition excludes from the meaning of the term "liquors" as used in the statute and in the indictment any but the kind of liquors the sale of which is made unlawful, to wit, distilled or rectified spirits, wine, fermented or malt liquors. "An indictment for a statutory misdemeanor, which charges the facts constituting the crime in the words of the statute, and contains averments as to time, place, person, and other circumstances to identify the particular transaction, is good." People ex rel. v. West, 106 N. Y. 293, 12 N. E. 610, 60 Am. Rep. 452.

It is urged that it was necessary to allege the kinds and quantities of liquors sold, to show that they were the kind of liquors included in the generic term "liquors" in section 2 of the liquor tax law; also to give defendant notice of the facts of the charge, and to plead it against future prosecution. As already suggested, the generic term "liquors" is, for the purposes of the statute, given to "all distilled or rectified spirits, wine, fermented or malt liquors," and denotes only the kind or sort of liquors the sale of which is unlawful when made in violation of the provisions of the statute. To have alleged, as in the usual form of indictment under the former excise law, that the defendant sold one gill of rum, one gill of brandy, one gill of whisky, etc., under which form of indictment proof of the sale of any one of the kinds of liquors, and in any quantity less than five gallons, was permitted, would not have made the pleadings more definite and certain. The time when, the place where, and the names of the persons to whom, the liquors were sold gave the defendant the required notice of the facts of the charge upon which to plead against a future prosecution.

The judgment and order should be reversed, and the demurrer to the indictment overruled, with leave to the defendant to plead to the indictment.

Judgment and order reversed, and demurrer overruled, with leave to the defendant to plead to the indictment. All concur.