(50 Misc. Rep. 315)

### MALICH v. JOSEPHSON.

(Supreme Court, Appellate Term. April 24, 1906.)

MALICIOUS PROSECUTION—PROBABLE CAUSE—EVIDENCE—SUFFICIENCY.

In an action for malicious prosecution, it appeared that defendant's shop had been burglarized; that a portion of his goods stolen were traced to the possession of a brother of plaintiff; that the brother explained that he obtained them from plaintiff, who, when interrogated as to where she obtained them, gave an unsatisfactory explanation. Defendant on cross-examination stated in response to one or two questions that when he caused plaintiff's arrest he did not believe her to be guilty. *Held* to show, as a matter of law, probable cause on the part of defendant for charging plaintiff with crime.

Appeal from City Court of New York, Trial Term.

Action by Lena Malich against Hyman I. Josephson. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Abraham H. Sarasohn, for appellant.
Henry Kuntz, for respondent.

SCOTT, P. J.   It is well settled that in an action for malicious prosecution the burden is upon the plaintiff of showing want of probable cause on the part of the defendant, and that where there is no dispute as to the facts the question as to the existence of probable cause is one for the court.   Anderson v. Howe, 116 N. Y. 336, 22 N. E. 695; Thaule v. Krekeler, 81 N. Y. 428.   If there be a dispute as to the facts, it is for the jury to determine what the true facts are; the responsibility still resting upon the court of determining whether the facts as found amount to probable cause.   Fagnan v. Knox, 66 N. Y. 527.   The charge of the court is not included in the record before us, and we have therefore no means of determining what instructions were given to the jury, or what questions of fact were submitted for their determination.   This is, however, unimportant, because upon the undisputed facts there was ample proof of probable cause for charging the plaintiff with the crime of which defendant accused her.   There had been a burglary in defendant's shop, and a portion of the stolen goods were traced to the possession of plaintiff's brother, who was trying to sell them.   He had obtained them from his sister.   When interrogated as to where she obtained them, she gave a most unsatisfactory explanation.   It is well settled that the possession by any person of property recently stolen, without a satisfactory explanation, raises a presumption of guilt.   People v. Weldon, 111 N. Y. 569, 19 N. E. 279. The only argument offered in support of the judgment is drawn from one or two answers made by defendant on cross-examination, to the effect that he did not, when he caused plaintiff's arrest, believe her to be guilty.   Of course, a belief in the guilt of a person accused is as essential as the existence of reasonable cause for the belief; but the defendant's frame of mind upon the subject of plaintiff's guilt is not to be determined by his answer to a single question, perhaps not perfectly understood, when the examination, taken as a whole, discloses an undoubted belief in the plaintiff's guilt, as well as reasonable cause for entertaining such belief.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.   All concur.