### BOEHM v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 9, 1921.)

No. 145.

1. Larceny ⬤⟲68(3)—Possession four and nine months after stealing held to take case to jury.

In a prosecution for larceny of property of the United States, proof that defendant was in possession of some of the stolen property four months after the stealing, and of other portions of it nine months thereafter, with evidence of sale of the property by him at less than value, and attempted obliteration of identifying marks, held sufficient to require submission to the jury of the recent possession of stolen property as evidence of his guilt.

⬤⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Larceny ⟨⟩51(1)—Possession of stolen property held competent.**

The fact that stolen automobile tires were found hidden 150 feet from defendant's home, though he claimed not on his property, was competent to go to the jury, in view of testimony of sale by him of two other tires stolen at the same time.

**3. Larceny ⟨⟩64(3)—Lapse of time since stealing does not deprive defendant's possession of property of probative effect.**

Though the presumption of guilt flowing from possession of stolen property grows weaker as the time of possession recedes from the time of the original taking, the lapse of four and nine months, respectively, between the taking and the time defendant's possession was shown, does not deprive the possession of its probative effect.

**4. Criminal law ⟨⟩829(9)—Requested instruction that possession was not such as to require explanation held properly refused.**

In a prosecution for larceny of automobile tires, where it was shown defendant had sold two of the stolen tires for less than their value, and that others had been found hidden near his home nine months after the taking, a requested instruction that the possession of the tires found upon the premises was not such as required defendant to give an account thereof was properly refused, where the court charged the jury that it might consider such possession as having some connection with the tires previously sold by defendant.

In Error to the District Court of the United States for the Western District of New York.

Henry Boehm was convicted of the theft of property of the United States, and he brings error. Affirmed.

Thomas F. Rogers, of Corning, N. Y., for plaintiff in error.

Stephen T. Lockwood, U. S. Atty., and John T. Walsh, Sp. Asst. U. S. Atty., both of Buffalo, N. Y.

Before WARD, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. By the indictment in this prosecution the plaintiff in error is charged with—

"on the 22d day of February, 1919, did then and there knowingly, wrongfully, unlawfully and feloniously, steal and purloin certain property and valuable things of the United States with intent to convert the same to his own use, to wit, eight (8) automobile rubber tires which were then and there in the custody and possession and control of the Delaware, Lackawanna & Western Railroad of the United States Railroad Administration, in which tires the United States had a special property as bailee. * * *"

From a judgment of conviction, the plaintiff in error sued out this writ of error.

Stenographic notes of the testimony were not taken. A statement of the facts as testified to was agreed upon, and constitutes the record of the testimony adduced upon the trial. The plaintiff in error did not take the stand, nor did he offer evidence in his own behalf. He was jointly indicted with Theodore Spier, his son-in-law. They were tried together and convicted. The evidence of guilt on the part of Spier was ample. The plaintiff in error, however, contends on this writ that the evidence was insufficient to require the submission of his guilt or innocence to the jury, and that the court committed error in failing to direct a verdict at the end of the proof.

There was evidence from which the jury might find that 8 automobile tires were consigned from Buffalo, N. Y., to a consignee at Coopers Plains, N. Y. The shipper was the B. F. Goodrich Rubber Company, and the tires were transported over the Lackawanna Railroad. A record of the numbers of 12 tires, which were shipped, was taken at the time of the shipment by a shipping clerk. The tires were contained in three bundles of 4 each. Two of these bundles were stolen. Each tire bore a serial number. Three of the bundles were received by the railroad company and put in the car of the Lake Shore & Michigan Southern No. 88018. Upon their arrival at Coopers Plains, N. Y., on February 15, 1918, they were put in the freight house by the railroad agent. Upon his arrival the next morning, he found that a burglary had been committed and 8 of the tires were stolen. An investigation was then instituted by the railroad detectives, and one of the defendants, Spier, was interviewed. He admitted the theft. His confession was reduced to writing and was used against him upon the trial. It involved the plaintiff in error. However, when it was received upon the trial, the jury was cautioned it could only be received against Spier, and could not be used or considered against the plaintiff in error.

It appears that after interviewing the codefendant, Spier, the officers visited the farm of the plaintiff in error and there were shown, by Spier, three of the tires lying some distance from the plaintiff in error's house and near a well. A witness called stated that he purchased a tire from the plaintiff in error similar in size and appearance to the one that was stolen. This tire was sold for $10, very much below the market value. The same witness later bought another tire from the plaintiff in error and gave therefor two pairs of shoes. The sale of these tires was made at plaintiff in error's farm at Hornby, N. Y., where the three tires which were pointed out by Spier to the officers, were found. They were hidden under a pile of brush near a well about 150 feet from the house. The serial number on one of these tires sold by plaintiff in error was completely abraded and on the other partially abraded. They were identified to some extent by an employee of the rubber company, who said that they were of similar kind to the shipment made.

We think this evidence required the submission of the guilt or innocence of the plaintiff in error to the jury. The tires were stolen on the 15th or 16th of February, 1919, and the sale of two by the plaintiff in error was made in June, 1919. Three were found in the lot under the brush in November, 1919. We think that the stolen tires found in the possession of the plaintiff in error, even though that was four months after the date of the theft in the case of the sale, and nine months after the date of the theft in the case of those found in the lot, required the submission of this recent possession of the stolen property to the jury as evidence of guilt on the part of the plaintiff in error.

[1, 2] This evidence of recent possession of the stolen tires, accompanied by the secretion of the property under brush near the well, and the sale of two of the tires, of like size and make by the plaintiff in error at a low price, was a proper subject for the jury's consid-

eration. There is also evidence of the fact that the marks on one tire were obliterated and on the other partially so. Although these tires were found about 150 feet from plaintiff in error's home and are claimed not to have been upon his property, the evidence was competent for the jury's consideration, in view of the testimony of the sale of the two tires, tending to satisfy them of the guilt of the plaintiff in error. Commonwealth v. Montgomery, 11 Metc. (Mass.) 534, 45 Am. Dec. 227.

[3] What may be deemed to be recent possession is a question of fact for the jury. State v. Walker, 41 Iowa, 217. The presumption of guilt flowing from such possession grows weaker as the time of possession recedes from the time of the original taking. The fact itself is one for the consideration of the jury under all the circumstances. People v. Weldon, 111 N. Y. 569, 19 N. E. 279. There is evidence here that, when the tires were found, the marks of identification were abraded, which together with the suspicious circumstance of the plaintiff in error selling two automobile tires much below their market value, strengthens the presumption of guilt arising from recent possession alone. That the tires were stolen was proven. This fact, together with the possession of such stolen property as found to be in the plaintiff in error unexplained, offers presumptive evidence of his guilt. The lapse of time from the theft of the property until the tires were found in the constructive possession of the plaintiff in error, we think, does not deprive such possession of the property of its probative effect, as a fact from which an inference of guilt of the plaintiff in error could be drawn by the jury.

[4] The court was requested to instruct the jury that the mere possession of the tires found upon the premises of the plaintiff in error near the well in November, 1919, which were alleged to have been stolen, was not such possession as required the plaintiff in error to give an account thereof. To this refusal an exception was taken. But the court did say that, since there was testimony to identify such tires, the jury might consider it all had some connection with the tires that had previously been sold by the plaintiff in error, Boehm, if they found that such possession was recent. We said in Rosen v. United States, 271 Fed. 651, decided December 15, 1920:

"The possession of stolen property, standing alone, does not establish guilt; but the possession of property recently stolen raises a presumption of guilt, which in the absence of explanation may authorize a jury to infer a criminal connection with its acquisition. Wilson v. United States, 162 U. S. 613, 620, 16 Sup. Ct. 895, 40 L. Ed. 1090; People v. Weldon, 111 N. Y. 569, 576, 19 N. E. 279. And in the instant case the possession of copper by the defendants required them to make an explanation of their possession, and it was for the jury to say whether their explanation was satisfactory."

We think the facts of this case require the court to refuse the requested instruction.

Judgment affirmed.