## DREW v. UNITED STATES.

Circuit Court of Appeals, Second Circuit.
July 2, 1928.

No. 358.

1. Automobiles ⬅➾353—Possession of automobile within 12 days after it had been stolen in another state held to create presumption defendant stole and transported it in interstate commerce (18 USCA § 408).

Defendant's possession of stolen automobile in New York within 12 days after it had been stolen in New Jersey raised a presumption that he was the thief and had transported it in interstate commerce, in violation of 18 USCA § 408.

2. Automobiles ⬅➾353—Presumption of guilt from possession of recently stolen property grows weaker as time of possession recedes from time of taking.

Presumption of guilt flowing from possession of recently stolen property grows weaker as the time of the possession recedes from the time of the original taking.

3. Automobiles ⬅➾353—Presumption of guilt from possession of recently stolen property is one of fact, and does not depend on statute.

Presumption of guilt flowing from possession of recently stolen property is one of fact, and may be indulged in, though there be no statutory authority therefor.

4. Automobiles ⬅➾356—Whether presumption of guilt of theft and transportation of recently stolen automobile in interstate commerce was overcome by explanation was jury question (18 USCA § 408).

It was a question for the jury whether presumption that defendant was thief and had transported stolen automobile in interstate commerce, in violation of 18 USCA § 408, arising from his possession thereof within 12 days after theft, was overcome by his explanation.

In Error to the District Court of the United States for the Southern District of New York.

Ernest Drew was convicted of unlawfully transporting stolen motorcars in interstate commerce, and he brings error. Affirmed.

Watts, Oakes & Bright, of Middletown, N. Y. (Abram F. Servin, of Middletown, N. Y., of counsel), for plaintiff in error.

Charles H. Tuttle, U. S. Atty., of New York City (Irving Spieler, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge. The plaintiff in error was indicted on four counts for unlawfully, willfully, and knowingly transporting stolen motorcars in interstate commerce from New Jersey to New York. He was convicted on the third count and acquitted on the others. U. S. Code, title 18, c. 9, § 408 (18 USCA § 408).

The statute declares it to be a crime to transport or cause to be transported in interstate or foreign commerce a motorcar, knowing the same to have been stolen. The offense of the third count was the transportation, in interstate commerce, from the state of New Jersey to Port Jervis, N. Y., of a Buick four-door sedan bearing the motor No. 1,544,210 and serial No. 1,515,477,

knowing the same to have been stolen from a citizen of New Jersey. It was established to the satisfaction of the jury that this motorcar was stolen on May 8, 1926, while standing near a theater in Newark, N. J., and was later found, in June, 1926, and identified by its owner, as having been in possession and ostensible ownership of the plaintiff in error; he claiming to have sold it to his brother-in-law on the 20th of May, 1926.

As a witness in his own behalf, the plaintiff in error testified that he bought the car from one Maser, paying therefor in cash $750, and produced a bill of sale. The car had New Jersey license plates attached when it was delivered to him by Maser, which the plaintiff in error removed and returned to Maser. The ownership of the automobile was not transferred at the license bureau. He did not know who prepared the bill of sale, and stated that the name of his brother-in-law was put in the bill of sale by Maser. It was never transferred to him by an instrument of conveyance. The bill of sale had on it an assignment, dated June 19, 1926, by which date the ownership of the car was assigned to his brother-in-law. His brother-in-law testified that he received the bill of sale after purchase on May 20th, and that the plaintiff in error told him he got the car from the West Hudson Buick Company. Maser nowhere appears on the bill of sale, and, according to it, the car was sold to one Harry L. Martin, of Closter, N. J., on March 24, 1926, and the ownership assigned to the brother-in-law on June 19, 1926. There was no testimony from any agent or representative of the West Hudson Buick Company as to this transaction, nor was Maser called as a witness. The court submitted, as a jury question, whether or not, on all the evidence in the case, the plaintiff in error transported or caused the transportation of this motorcar.

[1, 2] The plaintiff in error argues that there was no evidence of transportation by him. It appears that the plaintiff in error was in possession of the stolen property in New York within 12 days after it had been stolen in New Jersey. This raised a presumption that he was the thief and had transported it to New York. In Boehm v. United States, 271 F. 454, we sustained a conviction where automobile tires, found near the plaintiff's house in November, 1919, were identified as stolen from a freight car in interstate commerce on February 15, 1919, and where, in June, 1919, the plaintiff made a sale of two of the tires at a much reduced price; they having been identified as the stolen tires. Whether or not this was recent possession by the plaintiff was considered a jury question. The presumption of guilt flowing from such possession grows weaker as the time of possession recedes from the time of the original taking. Here the short lapse of time, from the theft of the property until it was found in New York in the possession of the plaintiff in error, does not deprive such possession of the property of all its probative effect as a fact from which an inference of guilt of the plaintiff in error could be drawn by the jury.

In Commonwealth v. Montgomery, 11 Metc. (Mass.) 534, 45 Am. Dec. 227, bank bills of the Waltham Bank were stolen from the possession of their owner on December 5, 1845. Among the bills were 5 of the Concord Bank, of the denomination of $100. At that time there were about 23 of such bills in circulation, and 19 were returned up to 1846. On March 23, 1846, the defendant presented at the Brighton Bank a bill of the Concord Bank of $100 denomination, and again on April 13, 1846, he did the same thing. The evidence tended to identify the bills, so presented by the defendant, as two of the bills which were in the trunk from which the money was stolen. The court held that possession of part of the stolen property at a period somewhat distant would be competent testimony to be submitted to the jury, and might well, with other sufficient evidence, satisfy them of the guilt of the party possessing them. In People v. Weldon, 111 N. Y. 569, 19 N. E. 279, the defendant was convicted of knowingly receiving stolen goods. Affirming the conviction, the court said:

"There is no question but that the recent possession of stolen property by a person raises a presumption of guilt, which may be considered by the jury, and, in the absence of explanation by such person, authorizes it to infer a criminal connection with its acquisition. This presumption applies as well to a person charged with unlawfully receiving as to one charged with its original taking. If it raises a presumption of guilt as to the more serious crime, much more should it be evidence of the guilt implied in the lesser offense."

[3] The presumption is one of fact, and may be indulged in, although there be no statutory authority for such presumption. Wigmore on Evidence (2d Ed.) § 2513. But, for the presumption to exist, the possession

must be unexplained by any innocent origin, and must be fairly recent and exclusive. Furthermore, it is generally conceded to apply on a charge of knowing receipt of stolen goods. Degnan v. United States (C. C. A.) 271 F. 291; Rosen v. United States (C. C. A.) 271 F. 651.

In the Rosen Case, the defendants were convicted of knowingly receiving stolen goods from a shipment in interstate commerce. At the trial the court charged the rule of law that recent possession, united with other circumstances of a peculiar and suspicious character, may warrant the presumption of guilty knowledge. The statute upon which the prosecution was based in the Rosen Case did not in turn raise a presumption of guilt from recent possession; still we held that such possession created, as a presumption of fact, guilt. The difference between the criminal statute involved in the Rosen Case and the one we have here to consider is that the former applied to goods stolen while they were being transported in interstate commerce, while here it is the transportation of an automobile.

In Wilson v. United States, 162 U. S. 613, 16 S. Ct. 895, 40 L. Ed. 1090, the court said: "Possession of the fruits of crime, recently after its commission, justifies the inference that the possession is guilty possession, and, though only prima facie evidence of guilt, may be of controlling weight unless explained by the circumstances or accounted for in some way consistent with innocence."

In Edwards v. United States (C. C. A.) 7 F.(2d) 357, the defendant was convicted of knowingly receiving a stolen automobile under this act. The court charged that stolen property found in the possession of any one a short time after its larceny, or having been stolen, with that possession unexplained, is prima facie evidence of the fact that it is a guilty possession. This instruction was approved on appeal, although the case was reversed on other grounds. [4] If the plaintiff in error was guilty of the theft of the motorcar, as he may be presumed to be under these authorities, he may also be lawfully presumed to have transported the object of his theft from New Jersey to New York. Whether this presumption was overcome by his explanation as to his connection with the stolen car was a jury question. They have disbelieved the defense.

We find no errors in the charge of the trial judge which require further consideration.

Judgment of conviction affirmed.