Francis X. Tucker,
Acting County Judge. The incumbent Ulster County Judge, the Honorable Raymond J. Mino had disqualified himself by reason of the fact that he was District Attorney of the County of Ulster prior to his recent appointment and election and has certified this matter to the Surrogate of Ulster County, as Acting County Judge, pursuant to the provisions of section 44 of the Code of Criminal Procedure.
On September 8,1961 the defendant was found guilty of driving while intoxicated in violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law. The jury trial was conducted before the Police Justice of the Village of Saugerties in Ulster County.
On this appeal the defendant has cited a number of alleged errors, the most significant of which relates to rebuttal testimony by the People’s witness Joseph Jobst.
*810 Mr. Jobst testified he was crossing Partition Street between intersections when the defendant narrowly missed hitting him and crashed into a parked car. Another witness testified he saw the defendant round the corner from Main Street to Partition Street on the wrong side of the center line. The defendant did not testify. He called as a witness one Anthony Joseph Buono who testified he observed the defendant drive his car from the hotel bar parking lot on to Partition Street where the accident occurred. The effect of this testimony was to contradict the People’s witnesses who claimed the defendant entered the street from the Main Street corner.
The witness Buono did not testify as to the physical condition of the defendant and when asked about the defendant’s behavior, he said he paid no attention to it.
On cross examination it was established the witness was acquainted with the defendant and had observed the defendant in the barroom for approximately one half hour before the accident. The cross examiner also developed the fact the defendant had been drinking but he did not ask the witness to describe the defendant’s physical condition ox behavior or to express an opinion as to whether or not the defendant was intoxicated.
The only questions which can be considered to be a foundation for his later impeachment were the following:
“ Q. And did you see this boy, who testified, this fellow over here, (indicating Mr. Jobst) ? A. Yes sir I did.
“ Q. Where did you see this boy when you were-? A. The first time that I ever saw him was right here tonight that I can recognize him.
“ Q. So you didn’t see him when he jumped up out of the way of the Berzal car as he testified. A. No I didn’t.”
The witness was not asked if he conversed with or made any specific statement to Mr. Jobst. After the defendant rested, the People recalled Joseph Jobst as a rebuttal witness. He was permitted to testify that the witness Buono told him the defendant was crazy driving in the condition he was in. Defense counsel objected before and after this testimony was presented but the court allowed it.
■This statement could only be admitted to impeach the credibility of the witness. A review of the record indicates that the witness Anthony Joseph Buono did not testify as to the physical condition of the defendant. There was nothing to contradict ; therefore, the conversation should have been excluded.
Although he never testified as to defendant’s physical condition, it may be argued that the testimony of Anthony Joseph *811 Buono created the impression the defendant was not intoxicated. If we accept this view, the conversation is inadmissible to impeach the credibility of the witness because of the failure to lay a proper foundation. Before such prior inconsistent statement is admissible to impeach a witness, he must be asked whether he made such statement, specifying the time and place, the person to whom made and the language used. (Gaffney v. People, 50 N. Y. 416, 423; People v. Weldon, 111 N. Y. 569, 575; Bichardson, Evidence [8th ed.— Prince], § 514.)
If the statement related to some collateral matter, this court might be justified in applying the logic of section 542 of the Code of Criminal Procedure. However, the statement attributed to the defendant’s witness goes to the very heart of the issue to be decided by the jury. This error can not be regarded as a technical error or defect in the proceeding which does not affect the substantial rights of the defendant. The damaging effect of this testimony was increased by the summation of the Assistant District Attorney wherein he said, “ There are two people who said this man was on Main Street and we also got the testimony of this other man that said that this fellow said he wasn’t fit to drive. This reference emphasized the illegal evidence at a time shortly before the jury entered upon their deliberations and increased the prejudicial effect of the error.
The defendant has also raised the question as to sufficiency of the information. However, the information in this case is sufficient as a matter of law.
The judgment of conviction is reversed because of the error in the admission of the rebuttal testimony with leave to the District Attorney’s office to retry the defendant for the crime as alleged in the information.