ALFRED HICKENBOTTOM, Respondent, *v.* THE DELAWARE, LACK-
AWANNA AND WESTERN RAILROAD COMPANY, Appellant.

Plaintiff, in attempting to get on board one of defendant's cars, was
thrown from and under it by the sudden and alleged negligent starting
of the train, receiving injuries which resulted in the amputation of his
right arm. In an action to recover damages, *held,* it was competent
for plaintiff to show that after the amputation he experienced pain,
seemingly in the amputated hand and arm; that his bodily pain resulting
from the injury was properly the subject of proof and consideration,
although its location was deceptive.

Where a question put to a witness is proper, a ruling permitting him to
answer is not rendered erroneous by the fact that a portion of the answer,
not responsive to the question, is erroneous.

In the absence of a request and refusal of the trial court to strike out so
much of the answer as is not responsive, the question as to its compe-
tency may not be raised upon appeal.

Although some portion of a charge may, for the want of some qualifica-
tion or explanation, be subject to criticism, exceptions to those portions
will not be available if the charge as a whole presents the questions
fully and fairly to the jury so as not to mislead them.

The court charged the jury in substance that it was the plaintiff's duty to
present himself at the station in time, and in some way, before it became
the duty of the conductor to give the signal to start, signify his pur-
pose to take the train; that if he did not indicate to defendant's agents
that he was a passenger before the train was signaled to move, defend-

ant was not guilty of negligence; but if he did and was not given a reasonable time to get aboard, defendant was chargeable with negligence; that to render defendant liable, its negligence must be found to have been the sole cause of the injury; that the burden was with plaintiff to prove that he was free from negligence, as well as that defendant was guilty of it; that if plaintiff attempted to get on the train while it was in motion, he was guilty of negligence and could not recover. The court was then requested by plaintiff to charge that " defendant was bound, under the circumstances of the case as presented by plaintiff, to allow him a reasonable time in which to get on the train, and is responsible for any injury resulting to him from the slightest motion of the car during the entrance of plaintiff as such passenger in such reasonable time." The court responded: " I so charge, subject to the qualification that I charged before. That is the law, of course, if a passenger presents himself as a passenger to get aboard the train before the conductor has actually signaled the engineer to start." The court was also requested to charge " that the defendant is liable whether the signal by the conductor or brakeman to start has been given or not, provided a reasonable opportunity was not offered to the passenger to get on board the train." The court responded: "As to passengers presenting themselves as passengers, before the signal was given, I so charge." *Held,* no error; that while the court might well have been justified in declining either request, it could not be assumed that by the disposition made of them it intended to modify the charge as already made.

(Argued June 12, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 10, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion to set aside said verdict and grant a new trial.

This action was brought to recover damages for injuries received by plaintiff while boarding one of defendant's trains.

The facts, so far as material, are stated in the opinion.

*Hamilton Odell* for appellant. In actions of this character the damages that may be recovered must be the natural and proximate consequences of the defendant's negligence. (2 Greenl. on Ev. § 254; S. & R. on Neg. § 793; Wood's Mayne on Dam. § 52; *Lowrey* v. *W. U. Co.,* 60 N. Y. 201; *Putnam*

v. *B. Co.*, 55 id. 119 ; *People* v. *Mayor, etc.*, 5 Lans. 529 ; 53 N. Y. 629 ; *Ryan* v. *N. Y. C. R. R. Co.*, 35 id. 211 ; *Curtis* v. *R. & S. Co.*, 18 id. 542 ; *Bailey* v. *Wescott*, 16 N. Y. S. R. 671 ; *Butler* v. *Kent*, 19 Johns. 223 ; *Feeney* v. *L. I. Co.*, 116 N. Y. 382 ; *Strohm* v. *N. Y., L. E. & W. R. R. Co.*, 96 id. 305 ; *Tozer* v. *N. Y. C. & H. R. R. R. Co.*, 105 id. 617 ; *McClain* v. *B. C. R. R. Co.*, 116 id. 467 ; *Turner* v. *City of Newburgh*, 109 id. 309 ; *Masters* v. *Town of Warren*, 27 Conn. 293 ; *Lynch* v. *Knight*, L. R. [9 H. L.] 598 ; *Renner* v. *Canfield*, 36 Minn. 90 ; *Wyman* v. *Leavitt*, 71 Me. 227 ; *Canning* v. *Williamstown*, 1 Cush. 451 ; *Bovee* v. *Town of Danville*, 53 Vt. 183 ; *Lincoln* v. *S. & S. Co.*, 23 Wend. 425.) The testimony of plaintiff, that after the amputation he experienced pain seemingly in the amputated member, was incompetent. (1 Whart. Med. Juris. § 733, 737 ; *Baird* v. *Gillett*, 47 N. Y. 186 ; *Osgood* v. *M. Co.*, 3 Cow. 621 ; *Allis* v. *Leonard*, 58 N. Y. 291 ; *Freund* v. *Paten*, 10 Daly, 383 ; *Strong* v. *Whitehead*, 12 Wend. 64.) The admission, under objection, of illegal or incompetent or irrelevant testimony which may have influenced the minds of the jury in any degree, or in any manner affected their determination, is error which requires a reversal of the judgment. (*Luby* v. *H. R. Co.*, 17 N. Y. 32 ; *Baird* v. *Gillett*, 47 id. 186 ; *Anderson* v. *R., W. & O. R. R. Co.*, 54 id. 334 ; *P. R. R. Co.* v. *Roy*, 12 Otto, 451 ; *Eben* v. *Lorillard*, 19 N. Y. 302 ; *Ayres* v. *W. Comrs.*, 22 Hun, 297 ; *McPhillips* v. *N. Y. & N. H. R. R. Co.*, 12 Daly, 365 ; *Green* v. *H. R. Co.*, 32 Barb. 34 ; *Newman* v. *Goddard*, 48 How. Pr. 365 ; *O'Sullivan* v. *Roberts*, 7 J. & S. 361 ; *Allen* v. *James*, 7 Daly, 15 ; *Gillett* v. *Mead*, 7 Wend. 193 ; *Irvin* v. *Cook*, 15 Johns. 239 ; *Penfield* v. *Carpenter*, 13 id. 350 ; *Strohm* v. *N. Y., L. E. & W. R. R. Co.*, 96 N. Y. 307.) The plaintiff's counsel requested the court to charge that the defendant was bound, under the circumstances of this case as presented by the plaintiff, to allow him a reasonable time in which to get on their train, and is responsible for any injury resulting to him from the slightest motion of the car during the entrance of the plaintiff as such

passenger in such reasonable time.   The court responded : "I so charge, subject to the qualification that I charged before. That is the law, of course, if a passenger presents himself as a passenger to get aboard the train before the conductor has actually signaled the train to start." This was error. (*Burrows* v. *E. R. Co.*, 63 N. Y. 559 ; *Altreuter* v. *H. R. Co.*, 2 E. D. Smith, 151.)

*Christopher Fine* for respondent. The plaintiff was not guilty of contributory negligence. (*McDonald* v. *L. I. R. R. Co.*, 116 N. Y. 546, 550 ; *Archer* v. *N. Y., N. H. & H. R. R. Co.*, 106 id. 590, 595, 597 ; *Miller* v. *L. I. R. R. Co.*, 32 Barb. 398, 403 ; 40 N. Y. 670 ; *Sheridan* v. *B. C. R. R. Co.*, 31 id. 39, 43 ; *Ernest* v. *H. R. R. Co.*, 35 id. 9, 26, 27 ; *Keating* v. *N. Y. C. R. R. Co.*, 3 Lans. 473 ; S. & R. on Neg. §§ 282, 283 ; *Weston* v. *N. Y. E. R. R. Co.*, 73 N. Y. 595 ; *Brassel* v. *N. Y. C. & H. R. R. R. Co.*, 84 id. 241, 246.) Evidence that plaintiff, after amputation, experienced pain seemingly in the amputated member was competent. (*Turner* v. *City of Newburgh*, 109 N. Y. 301, 302, 308, 309, 316 ; *White* v. *O. D. S. S. Co.*, 102 id. 660, 664 ; *Strohm* v. *N. Y. C. & H. R. R. R. Co.*, 96 id. 305, 306 ; *Filers* v. *N. Y. C. & H. R. R. R. Co.*, 49 id. 42 ; *Curtis* v. *R., etc., R. R. Co.*, 18 id. 541 ; *Tully* v. *N. Y., etc., R. R. Co.*, 29 id. 286, 288 ; *McIntyre* v. *N. Y., etc., R. R. Co.*, 39 id. 289, 290, 295 ; *O'Mara* v. *H. R. R. R. Co.*, 38 id. 445, 450 ; *McGowan* v. *N. Y. C. & H. R. R. R. Co.*, 67 id. 418 ; S. & R. on Neg. §§ 612, 613 ; *Griswold* v. *N. Y. C. & H. R. R. R. Co.*, 115 id. 61, 63, 64 ; *McLain* v. *B. C. R. R. Co.*, 116 id. 459, 467, 468 ; *Alberti* v. *N. Y., L. E. & W. R. R. Co.*, 27 N. Y. S. R. 886, 870, 871.) When a question put to a witness is in itself unobjectionable, but the answer goes beyond what is called for and is improper or incompetent testimony, an objection to the question does not extend to the answer ; special objection in such a case must be taken to the answer, and if that is not done any objection that might have been made is waived. (Rapalye on Witnesses, § 244 ; *Gould* v.

*Day*, 94 U. S. 405 ; *Putnam* v. *Ritche*, 6 Paige, 390 ; *Morgan* v. *Winston*, 2 Swan, 472; *Bergman* v. *Jones*, 94 N. Y. 51, 57, 58 ; *Tooley* v. *Bacon*, 70 id. 34 ; *Quimby* v. *Strauss*, 90 id. 664 ; *Levin* v. *Russell*, 42 id. 251, 255, 256 ; *Williams* v. *Sargent*, 46 id. 481, 483 ; *Crosby* v. *Day*, 81 id. 242 ; *Atkins* v. *Elwell*, 45 id. 753, 756, 757 ; *People* v. *Beach*, 87 id. 512 ; *Read* v. *Nichols*, 28 id. 867, 870 ; *West* v. *Van Tuyl*, 41 Alb. L. J. 253 ; *Briggs* v. *Wheeler*, 16 Hun, 583 ; *Mead* v. *Shea*, 92 N. Y. 122, 127, 128 ; *Ward* v. *Kilpatrick*, 85 id. 413, 414, 416, 417.) If the whole charge, taking it altogether, presents the question of law fairly to the jury, so as not to mislead them, exceptions to separate propositions in it, or to detached portions of it, will not be upheld. (*Caldwell* v. *N. J. S. Co.*, 47 N. Y. 283 ; *Losee* v. *Buchanan*, 51 id. 476, 492, 493 ; *Ledyard* v. *Jones*, 7 id. 554; *Wells* v. *Core*, 55 Barb. 585 ; *Newall* v. *Bartlett*, 114 N. Y. 399, 405 ; *Read* v. *Nichols*, 28 N. Y. S. R. 867, 870; *Smedis* v. *B. & R. B. R. R. Co.*, 88 N. Y. 14, 23 ; *Stone* v. *W. T. Co.* 38 id. 240 ; *Jones* v. *Osgood*, 6ᵗ id. 233, 235 ; *Caldwell* v. *Murphy*, 11 id. 416 ; *Walsh* v. *Kelly*, 40 id. 556 ; *Groot* v. *Gill*, 51 id. 431, 442.) A carrier must allow his passengers a reasonable time to get on or off his car or train. He is responsible for any injury resulting from the slightest motion of his vehicle during the entrance or exit of a passenger. (S. & R. on Neg. § 276 ; *Keating* v. *N. Y. C. & H. R. R. R. Co.*, 49 N. Y. 673, 674 ; *Milliman* v. *N. Y. C. & H. R. R. R. Co.*, 66 id. 642, 643, 644 ; *Brassel* v. *N. Y. C. & H. R. R. R. Co.*, 84 id. 241, 246 ; *Bartholomew* v. *N. Y. C. & H. R. R. R. Co.*, 102 id. 716, 717 ; *F.*, etc., *R. R. Co.* v. *Stutter*, 54 Penn. St. 375 ; *McDonald* v. *L. I. R. R. Co.*, 116 N. Y 546, 550 ; *Archer* v. *N. Y.*, *N. H. & H. R. R. Co.*, 106 id. 590, 595, 597 ; *Schestauber* v. *M. R. Co.*, 9 N. Y. S. R. 215.)

BRADLEY, J. In October, 1885, at Newark, N. J., the plaintiff, while in the act of getting on board the defendant's train of cars to return to the city of New York where he

resided, fell upon the track and received severe and perma-
nent injuries.  He charged that they were occasioned solely
by the negligence of the defendant in not giving him a reason-
able time to get onto the train before it was started.  And
upon that subject the evidence on the part of the plaintiff
tended to prove that when he reached the train and proceeded
to get aboard it was standing still at the station; that he
stepped onto the step of the car, and with one hand took hold
of the front railing of its platform, when, by the sudden
starting of the train with a jerk, he was thrown from it, fell
under the car, and in that manner received the injury com-
plained of.  There was some conflict in the evidence on the
subject, but that on the part of the plaintiff permitted the
jury to find that the injury was caused by the negligence of
the defendant and without any fault of the plaintiff; and that
question, as well as that whether or not the damages awarded
by the verdict were excessive in amount, were, for the pur-
pose of this review, disposed of by the court below.  The
injury resulted in the amputation of the plaintiff's right arm
near the shoulder.  The plaintiff testified that he has since
experienced pain, seemingly in his amputated arm and hand,
and that such painful sensation has continued up to the time
of the trial.  That the pain he suffered has been gradually
getting less, except the sensation of a swollen hand, which
constantly and still continued.  Later in the trial a physician
called as a witness was, by the court, asked this question: "In
your opinion as a medical man, following an accident such as
here described, and an amputation, does it follow that the
patient experiences the pain of an imaginary hand and lower
part of the arm?" which, after objection on the ground that
it was immaterial and incompetent was made, overruled, and
exception taken by the defendant, the witness answered: "It
is not the rule, but it frequently happens."  The reason urged
in support of the exception is that such pain was imaginary
and a mere delusion, and not the direct or natural result of
the injury.  The plaintiff had mentioned this as part of the
painful suffering he had endured after the accident and the

amputation of his arm.   And whatever was its nature, if his statement was true, the sensation was that of pain and the result of the injury.   His bodily pain resulting from which was properly the subject of proof and consideration.   (*Ransom* v. *N. Y. & E. R. R. Co.*, 15 N. Y. 415; *Curtis* v. *R. & S. R. R. Co.*, 18 id. 534.)   And if this sensation of suffering from it actually existed and was attributable to such cause, the evidence came within the rule of admissibility.   Pain is but the sensation of a condition which produces it, and the fact that it seemed to the plaintiff to come from or to be in the hand and the amputated arm, as if their connection with the body remained, is only descriptive of the pain he suffered.   It was no less the subject of consideration because the location of it was deceptive.   The pain resulting from the injury is the fact to which his evidence related.   And assuming that the sensation of it was such as the plaintiff testified it was, it cannot, as matter of law, be said that it was without some natural cause.   In that view it was presumptively competent to make the inquiry that was made, of a medical witness, whether the pain as represented by the plaintiff's evidence was the necessary consequence of the condition produced by the crushing and severance of the plaintiff's arm.   As it cannot be assumed that there was any want of good faith on the part of the plaintiff in permitting the amputation to be, as it was made, it is not, for the purposes of the question, important whether such painful sensation following the injury was to some extent attributable to the manner in which the surgical operation was performed.   It may be treated as within the result of which the injury, occasioned by the alleged negligence of the defendant, was the proximate cause.   (*Lyons* v. *Erie R. Co.*, 57 N. Y. 489; *Sauter* v. *N. Y. C. & H. R. R. R. Co.*, 66 id. 50.)   It did not appear, by preliminary examination of the doctor or otherwise, that the answer sought by the question asked him, was not the subject of expert evidence, and upon the objection taken the question of his competency to give an opinion was not raised.   (*Stevens* v. *Brennan*, 79 N. Y. 255; *In re Crosby* v. *Day*, 81 id. 242.)   The question put

to the witness was proper, and the ruling permitting him to answer it was not error, although a portion of the answer not strictly responsive may not have been competent as evidence. When the witness answered that such consequence was not the rule, he had gone as far as he was necessarily called upon by the question to speak, and what he added to that may not have been competent, as the evidence of itself did not, with any degree of certainty, relate to the plaintiff's condition. That such may have been the effect of his injury is not proof that it was so. (*Griswold* v. *N. Y. C. & H. R. R. R. Co.*, 115 N. Y. 61; 44 Hun, 236.) But as there was no refusal of the court to strike out the answer of the witness, or any portion of it, the question as to competency of the latter part of it is not here for consideration. (*Crippen* v. *Morss*, 49 N. Y. 63; *Planter* v. *Planter*, 78 id. 91.)

At the conclusion of the general charge the court was requested by the plaintiff's counsel to further charge the jury "that the defendant was bound, under the circumstances of this case, as presented by the plaintiff, to allow him a reasonable time in which to get on the train, and is responsible for any injury resulting to him from the slightest motion of the car during the entrance of the plaintiff as such passenger in such reasonable time," to which the court responded: "I so charge, subject to the qualification that I charged before. That is the law, of course, if a passenger presents himself as a passenger to get aboard the train before the conductor has actually signaled the engineer to start." The defendant's counsel excepted. This proposition, which the court was so requested to charge, standing alone, did not embrace all the elements of fact requisite to the responsibility of the defendant for the injury sustained by the plaintiff. But by reference to the charge which the court had just made, it is seen that the jury were fully and correctly instructed upon the subject of negligence of the defendant and the freedom of the plaintiff from negligence, essential to charge the defendant with liability. The court submitted to the jury the question whether the plaintiff indicated to the agents of the defendant there that he

was a passenger before the train was signaled to move; and charged that if he did not, the defendant was not guilty of negligence; that he had no right to delay the train; but it was for him to present himself at the station in time, and in some way signify his purpose to take the train before it became the duty of the conductor to give the signal to start it; and that in such case if he was not given a reasonable time to get aboard, the defendant was chargeable with negligence; that to render the defendant liable, its negligence must be found to have been the sole cause of the injury; that if the plaintiff failed to exercise due care, he could not recover; that the burden was with him to prove to the satisfaction of the jury that he was free from negligence, as well as that the defendant was guilty of it; and that if the evidence failed to satisfy them that both propositions were established, the plaintiff was not entitled to recover; and they were further instructed that if the plaintiff attempted to get onto the train when it was in motion, he was guilty of negligence and could not recover. The court was also requested by the plaintiff's counsel to charge the jury: "That the defendant is liable, whether the signal by the conductor or brakeman to start has been given or not, provided a reasonable opportunity was not offered to the passenger to get on board the train." The court responded: "As to passengers presenting themselves as passengers before the signal was given, I so charge." And the defendant's counsel excepted. What has been said of the former proposition is equally applicable to this one, and so far as practicable they may be considered together. While the court may well have been justified in declining to charge either of them as requested, it cannot be assumed that, by the disposition made of those requests, the court intended to modify the charge as already made upon the essentiality of both negligence of the defendant and care on the part of the plaintiff to a recovery by the latter, but, on the contrary, that the charge as made of and upon those propositions to which the court's attention was called by the requests, was made in view of the instruction before given, and had relation only to the considerations bearing upon the

question of negligence of the defendant and which would subject it to responsibility and liability so far as they were dependent upon a failure to observe and perform its duty to the plaintiff. In that view this additional charge was in harmony with that preceding it. And this was not only indicated by the qualifying language of the court in respect to the former request, but by the remark of the plaintiff's counsel immediately following the latter exception " that as to the passenger's conduct, he is only required to use ordinary care and prudence in protecting himself in getting on the train ; " and that which the court added: " He is only bound to use the care of an ordinarily prudent person under like circumstances. That is the rule as I understand it." It is the better practice, because less liable to mislead the jury, for the court, even after making the main charge to decline to instruct the jury as requested, unless the proposition submitted to it for that purpose clearly embraces within its terms all the facts to be found as the premises from which the inference or conclusion for which instruction is asked may properly be drawn, or that the charge as thereupon made be carefully qualified so as to include all the facts requisite to support the instruction requested or given. But in view of the charge as made and of what followed the requests and the disposition of them, there was no opportunity for the jury in the present case to have been misled. Although some portion of a charge, for the want of some qualification or explanation, may be subject to criticism, it is to be construed in the light of other portions of the charge so far as it may be, and if the charge as a whole presents the questions fully and fairly to the jury so as not to mislead them, exceptions to detached portions of it will not be effectual for the support of error. (*Sperry* v. *Miller*, 16 N. Y. 412 ; *Caldwell* v. *N. J. S. Co.*, 47 id. 282 ; *Losee* v. *Buchanan*, 51 id. 492.)

The language used in the fore part of the first request for want of precision was open to criticism, but the court so qualified the proposition as to bring it in conformity with the charge already made, and by reference to that, it may be

observed that the question of plaintiff's credibility as a witness was submitted to the jury. The fair import of the charge, founded upon the request, was that the circumstances presented by the plaintiff were to have the effect mentioned if adopted as true by the jury, and it is not seen that they could have otherwise understood it. And the motion, there referred to, of the car, resulting in the injury could have been that only in the starting of the train to go on its way to destination, as there was no evidence that any motion other than that was given to the train after its arrival at the station on that occasion. The effect of the second request before mentioned was that liability did not depend upon the fact that the signal to start had not been given, but upon the failure to afford a reasonable opportunity to a passenger to get on board the train. But the modification added by the court was that to support the charge against the company the passenger must have presented himself as such before the signal was given. This request as made, and as modified by the charge, was incomplete. It was apparently supplemental only to what had been charged as before mentioned, and the further instruction that whether a reasonable opportunity was given to the passenger to board the train was a question for the jury. The portion of the charge made upon such request seems to have been descriptive of that which would be characterized as negligence, and in that respect sustain the charge of liability of the defendant. This must be taken in connection with the instruction previously given that the freedom of the plaintiff from negligence was an essential element to permit a recovery by him. In the disposition made by the court of those two propositions there was no error to the prejudice of the defendant. The court was further requested to charge the jury " That the plaintiff, as a passenger, had the right to assume that the railroad company would perform its duty, and would give him a reasonable opportunity to get upon the train with safety, and afford him proper facilities for so doing." The court so charged, and exception was taken by the defendant. It evidently must have been assumed by the

plaintiff's counsel in presenting, and by the court in charging, that proposition that it would be understood by the jury as subject to the qualification that they found that the plaintiff in due time presented himself as a passenger, and signified his purpose to take the train. This was the main fact litigated on the trial, and upon which the evidence of the parties was in conflict. And the court had repeatedly and distinctly instructed the jury that the affirmative of that fact was essential to impose such duty upon the defendant. In case they so found the fact the plaintiff had the right to assume that the defendant would observe its duty and give him such reasonable opportunity. (*Brassell* v. *N. Y. C. & H. R. R. R. Co.*, 84 N. Y. 241; *Dobiecki* v. *Sharp*, 88 id. 208.) In view of the entire charge upon the subject it is evident that the jury could not have been misled by that as made pursuant to the request. Without the addition and qualification referred to, the proposition would be plainly absurd. The right to such assumption was dependent upon the duty of the defendant to permit it, which could not arise unless the plaintiff was there as a passenger in proper time to exercise the right to get on board the train. This exception was not, nor was any other well taken.

The judgment should be affirmed.

All concur.

Judgment affirmed.