THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN A. WILLIAMS, Appellant.

*Perjury — form of an indictment for — objection to, how taken — purpose of section 100 of the Penal Code — evidence — hostile witness — an accused, honestly mistaken — failure of draughtsman to express in an affidavit the statement of the accused — charge to be considered as a whole — dangerous effect of perjury may be commented upon by the court.*

The objection that an indictment is insufficient can be taken otherwise than by a demurrer, as section 331 of the Code of Criminal Procedure expressly provides that the objection that the facts stated do not constitute a crime may be taken at the trial under the plea of not guilty and in arrest of judgment.

In framing an indictment under a statute, all the circumstances which constitute the definition of the crime in the statute, so as to bring the accused precisely within it, must be stated, but no description of the manner in which the offense was committed is necessary other than that contained in the statute.

An indictment for perjury, under section 96 of the Penal Code, is sufficient where it embodies all the circumstances set forth in that section.

Section 100 of the Penal Code, declaring that "the making of a deposition or certificate is deemed to be complete within the provisions of this chapter from the time when it is delivered by the defendant to any other person with intent that it be uttered or published as true," was designed to establish a rule of evidence as to when a deposition should be deemed complete, and it is not so far a part of the offense mentioned in section 96 of said Code, which defines the crime of perjury, as to make it a part of the statutory definition of that crime.

An indictment which charges that the defendant willfully made oath, before an officer authorized to administer the same, that an affidavit subscribed by him was true; that the affidavit was made and entitled in an action in the Supreme Court; that it was false; that the false statements were material, and that the affidavit was used in such action, is sufficient, although it does not allege that the affidavit was made with an intent to have it delivered by the defendant to another person with an intent that it be uttered or published as true.

Upon a trial under such an indictment the attorney in the action in which the affidavit was made may testify that the notice of motion based upon the affidavit was served.

The defendant on trial, under such an indictment, cannot show that the judgment in the action in which the affidavit was made and used was subsequently reversed, as the crime is the same whether such judgment was reversed or affirmed.

Papers attached to the alleged false affidavit and notice of motion are inadmissible upon the part of the defendant.

Upon the trial of the action, and upon the cross-examination of one of the witnesses for the People, the defendant's counsel, in substance, offered to show that the witness had verified a complaint in another action and that this was untrue; the court excluded the testimony.

*Held,* that the extent of the cross-examination of a witness for the purpose of testing his credibility was discretionary, and that the discretion had not been abused.

Where the hostility of a witness has already been shown, the defendant is not harmed by the exclusion of further evidence upon that subject.

Upon a trial under an indictment for perjury, the defendant's counsel asked the court to charge "that if the defendant honestly believed when he made the affidavit that the men he saw at West Oneonta were Lewis and Lamont, although he was mistaken, he was not guilty of perjury in that part of the affidavit." The court replied: "I charge you that he must have made that affidavit with an intent to commit a crime, and must have knowingly asserted the material facts in that allegation to be true." The court also instructed the jury that if they believed, under all the evidence, that the defendant was honestly mistaken as to Lewis and Lamont they must acquit him, and further, that if the attorney who drafted the affidavit did not draft it in the language of the defendant, and the defendant did not know its contents, that then the defendant could not be convicted, but that if the attorney informed the defendant of the contents of the affidavit, and he subsequently swore to it and it was false, the crime of perjury was committed.

*Held,* that the charge was substantially correct;

That isolated parts of a charge would not be seized upon for the purpose of criticism, if the charge as a whole conveyed to the jury the correct rule of law;

That if the language employed was capable of different constructions, that would be adopted which would lead to an affirmance of the judgment, unless it fairly appeared that the jury was or might have been misled;

That in considering whether a single proposition is erroneous as charged, the appellate court would construe it in connection with the whole charge, or with so much of it as is connected with and tends to modify or explain the part which is claimed to be objectionable.

Upon a trial under an indictment for perjury, the court may properly comment upon the dangerous nature of the crime, and upon the results which are likely to follow if the crime is permitted to go unpunished.

APPEAL by the defendant, John A. Williams, from a judgment of the Court of Sessions of the county of Otsego, entered in the office of the clerk of the county of Otsego on the 13th day of December, 1894, convicting him of the crime of perjury, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 13th day of December, 1894, denying the defendant's motion for a new trial made upon the minutes, and also an order entered in said clerk's office on the 13th day of December, 1894, denying the defendant's motion in arrest of judgment.

*Wagner & Fisher*, for the appellant.

*Frank L. Smith, District Attorney*, for the respondent.

PER CURIAM:

The sufficiency of the indictment in this case presents an important question, and was the one most persistently urged on the argument by the appellant as a ground for the reversal of the judgment.

In the indictment it was, in effect, alleged that the defendant willfully, knowingly and corruptly made oath before an officer authorized to administer the same that a certain affidavit by him subscribed was true, and that the affidavit was made and entitled in an action in the Supreme Court. The statements contained in the affidavit were then set forth, and it was alleged that they were false. It was also alleged that a motion was noticed in the action; that upon the hearing of such motion the affidavit made by the defendant was used, and that the false statements contained in it were material to the determination of the motion.

Upon the trial, before any testimony was given, the defendant moved that the indictment be quashed and set aside upon the grounds that the indictment was insufficient and defective; that it did not state an offense or crime; that it did not state the crime of perjury, and that it was not sufficient in substance or form. The defendant also moved that the indictment be dismissed and quashed upon the specific ground that it contained no allegation that the defendant ever delivered the affidavit to any person with the intention that it should be uttered or published as true, and that it contained no allegation that the affidavit specified in the indictment was made by the defendant with any intention or for the purpose of having it delivered to any person or with the intention that it should be used in any proceeding. The motion was denied by the court obviously upon the ground that the sufficiency of the indictment could be raised only by demurrer.

In this conclusion the court was manifestly in error. Section 331 of the Code of Criminal Procedure excepts from its provisions, that the objections mentioned in section 323 of that act can be raised only by demurrer, the objection that the facts stated do not constitute a crime, and expressly provides that such an objection may be taken at the trial under the plea of not guilty and in arrest of judg-

ment. Assuming, as we must, that the grounds upon which the decision was based were untenable, still, if the court properly denied the motion, its ruling should be upheld although it was placed upon erroneous grounds. Thus the question of the sufficiency of the indictment is before us for determination.

Section 96 of the Penal Code, which defines the crime of perjury, so far as it is applicable to the question in this case, reads as follows : " A person who swears * * * that any * * * affidavit * * * by him subscribed, is true, in an action, * * * or states in his * * * affidavit * * * any material matter to be true which he knows to be false, is guilty of perjury." The indictment in this case having charged that the defendant willfully, knowingly and corruptly made oath before an officer authorized to administer the same that the affidavit by him subscribed was true, and that such affidavit was made and entitled in an action in the Supreme Court, and that the statements contained in it were material, and that the affidavit was used in such action, it was, we think, sufficient under the provisions of section 96 of the Penal Code.

It seems to be well settled in this State that if an indictment avers the offense, as the statute defines it, the averment is sufficient. In framing an indictment on a statute, all the circumstances which constitute the definition of the crime in the statute, so as to bring the accused precisely within it, must be stated, but no other description of the manner in which the offense was committed is necessary than that contained in the statute. (*Phelps* v. *People*, 72 N. Y. 334, 349 ; *Eckhardt* v. *The People*, 83 id. 462 ; *People* v. *West*, 106 id. 293 ; *The People* v. *Weldon*, 111 id. 569, 574 ; *People* v. *King*, 110 id. 418 ; *People* v. *Rockhill*, 74 Hun, 241 ; *People* v. *Flaherty*, 79 id. 48 ; *United States* v. *Hess*, 124 U. S. 483.) The precise words used in a statute to define a crime need not be strictly pursued in an indictment, but words conveying the meaning of those employed may be used. It follows that if section 96 of the Penal Code is not in any way changed or modified by the subsequent sections relating to the crime of perjury, the indictment was sufficient.

It is, however, contended by the appellant that section 100 of the Penal Code is so far a part of section 96 as to require an allegation in the indictment of the matters stated in that section. Upon

examining chapter 5 of title 8 of the Penal Code, which relates to the crimes of perjury and the subornation of perjury, we find that section 96 defines the crime of perjury. Section 97 provides that any irregularities in the mode of administering oaths is no defense to the prosecution of that crime. Section 98 provides that the incompetency of the witness is no defense, and section 99, that the witness' knowledge of the materiality of the testimony or statement is no defense. Section 100 declares that " the making of a deposition or certificate is deemed to be complete, within the provisions of this chapter, from the time when it is delivered by the defendant to any other person with intent that it be uttered or published as true." We think that this last section should not be construed as being so far a part of section 96, which defines the crime of perjury, as to make it a part of the statutory definition of the crime, but that its purpose was to establish a rule of evidence as to when a deposition is to be deemed complete. Hence, we conclude that as it was charged in the indictment that the defendant willfully, knowingly and corruptly made oath that the affidavit subscribed by him was true ; that it was made in an action ; that it was false, and that such false statements were material and used in the action, the indictment was sufficient without especially alleging that the affidavit was delivered by the defendant to another person with an intent that it be uttered or published as true.

We find nothing in the case of *People* v. *Albow* (140 N. Y. 130) and the other similar cases cited by the appellant which would justify his contention. These cases are to the effect that while a criminal charge may be supported by inference from the facts which imply the existence of the principal fact constituting the offense, yet, the principal fact must be charged in the indictment. The principal fact in this case was that the appellant made a false affidavit in an action, which was used therein. This was averred in the indictment, and it contained a sufficient statement of the facts and fairly apprised the accused of the crime of which he was charged. Under such circumstances the indictment should not be held insufficient by reason of any narrow and technical objections as to its form. (*People* v. *Spiegel*, 143 N. Y. 107 ; *The People* v. *Buddensieck*, 103 id. 487 ; *People* v. *Weldon*, 111 id. 569 ; *People* v. *Dimick*, 107 id. 13 ; *People* v. *Klock*, 48 Hun, 275.) These

considerations lead to the conclusion that the indictment was sufficient, and, therefore, that the court properly overruled the defendant's motion to quash the indictment and in arrest of judgment.

The appellant also contends that the court erred in admitting in evidence the affidavit made by the defendant without first requiring the People to show that it had been delivered to another person with the intention that it should be uttered or published as true. Evidence was given upon the trial which tended to show that it was thus delivered. Thus the question raised by that objection related only to the order of proof, and, as that was discretionary, we find no reversible error in the ruling.

The appellant's third point relates to the insufficiency of the indictment, which has already been disposed of, and hence need not be further considered. On the trial the following question was asked the witness Henry T. Sanford : "Did you cause this notice of motion to which your attention has been called to be served on Mr. Palmer ?" This was objected to as not in evidence and as incompetent. The objection was overruled, and the defendant excepted. In this ruling we find no reversible error. That the notice of motion was served as testified to by the witness, and that the affidavit of the defendant was actually read on the hearing, seem to be clearly established by the evidence in the case.

The defendant offered in evidence an order reversing the judgment in the action in which the affidavit was made. This was objected to as incompetent and inadmissible, and upon the ground that whatever became of the judgment subsequent to the making of the motion was immaterial. The objection was sustained, and the defendant excepted. We think this exception was not well taken. It is not apparent how the subsequent reversal of the judgment could in any way have affected the question of the defendant's guilt or innocence of the crime of perjury in making an affidavit used in the action. The perjury was the same whether the judgment was reversed or affirmed. (*People* v. *Hayes*, 24 N. Y. Supp. 194, 201.)

The defendant also offered in evidence all the papers attached to the notice of motion and affidavit of the defendant which were used on the motion. The People's counsel objected to the admission of the papers, except the notice of motion and affidavit of the defend-

ant which had already been admitted in evidence. This objection was sustained, and we think properly. The other papers that accompanied the affidavit of the defendant, except the notice of motion, were in no way material in determining the question whether the defendant had made the false affidavit for which he was indicted.

Upon the cross-examination of Alfred C. Lewis, the defendant's counsel, in substance, offered to show that the witness had verified a complaint in the action of *Lewis et al.* v. *Yagel*, which was untrue. This was objected to, and the objection was sustained. We find no error in this ruling. If the witness had been convicted of perjury, then, under the provisions of section 832 of the Code of Civil Procedure and section 714 of the Penal Code, the fact of such conviction might have been proved by the cross-examination of the witness. The court stated that if the complaint was not true, they ought to have had the witness indicted for perjury, and excluded the evidence without stating the particular ground upon which it was excluded. The extent to which such an examination may go to test the credibility of the witness is largely in the discretion of the court. (*People* v. *Casey*, 72 N. Y. 393; *People ex rel. Phelps* v. *Oyer & Term. County of N. Y.*, 83 id. 436, 460.) We are disposed to think that the question whether this evidence should be admitted so far rested in the discretion of the trial court that its rejection was not reversible error.

Upon the further cross-examination of the same witness, after he had testified, "I have a good deal of feeling against Mr. Williams, so far as what he has done to me, I have, and I am going to try to punish him to vindicate myself," he was asked, "How much money have you spent in trying to punish him?" This was objected to. The objection was sustained, and the defendant excepted. He was then asked: "How much time have you devoted and how long a time, sir, in trying to convict that man?" This question was objected to as irrelevant, immaterial and improper. The objection was sustained, and an exception taken. He then testified: "I am going to try to do all I can to vindicate myself as far as the law goes." We find nothing in this ruling which would justify a reversal of the judgment. The defendant was permitted to show the feeling against him existing in the mind of the witness. The

evidence had already disclosed the hostility of the witness. The extent to which an examination may go to prove the hostility of a witness is in the discretion of the trial judge. As sufficient evidence of the hostility of the witness had already been given, the defendant was not harmed by the exclusion of further evidence on that subject, and hence the ruling presents no error that would justify a reversal. (*People* v. *Brooks*, 131 N. Y. 321, 329; *People* v. *Webster*, 139 id. 73.)

The remaining questions raised by the defendant relate to the charge of the court. The defendant's counsel asked the court to charge: "That if the defendant honestly believed, when he made the affidavit, that the men he saw at West Oneonta were Lewis and Lamont, although he was mistaken, he is not guilty of perjury in that part of the affidavit." To this the court replied: "I charge you that he must have made that affidavit with an intent to commit a crime, and must have knowingly asserted the material facts in that allegation to be true." Defendant's counsel: "Do I understand your honor to decline to charge in the language that I have asked?" The Court: "Yes." [Exception by defendant's counsel.] Defendant's counsel: "Further, if the defendant honestly believed that one of the men that he saw come into that hotel was A. C. Lewis and the other he took to be Lamont, although in fact it was neither of them, then he cannot be convicted of perjury, so far as that part of the affidavit is concerned." The Court: "If the jury believe, under the facts and circumstances of this case, under all the evidence, that he was mistaken as to A. C. Lewis and Judge Lamont, honestly mistaken; if they believe that, then, of course, they should acquit him." Defendant's counsel: "You do not charge in the language that I ask." The Court: "No, I charge as I have." [Exception by defendant's counsel.] Defendant's counsel: "Further, if the witness was honestly mistaken, made that statement and honestly believed it to be true, although he was mistaken, he is not guilty of perjury." The Court: "I charge you, if you believe under the facts and circumstances of this case that he did believe when he made that statement to Sanford that he had seen Lewis and Lamont at those places, and that he was mistaken, honestly mistaken, you will acquit him." Defendant's counsel: "But in the precise language I have asked, your

honor does not charge." The Court: "No." [Exception by defendant's counsel.] Defendant's counsel: "Further, that if the man Sanford did not draft the affidavit in the language of the defendant and the defendant did not know its contents, then it is not the affidavit of the defendant and he is not guilty of perjury." The Court: "I charge you that if he swore to and subscribed to that affidavit, and the contents of it were false, and that Sanford informed him of the contents of that affidavit, he is guilty of the crime charged in this indictment." Defendant's counsel: "I except to that language." The Court: "With the other facts and circumstances that I have stated?" Defendant's counsel: "Your honor declines to charge in the language which I last asked." The Court: "Yes." [Exception by defendant's counsel.] Defendant's counsel: "If Sanford, the draughtsman of the affidavit, did not draw the affidavit in the language given him by the defendant, and the defendant in good faith made the affidavit, relying upon and believing that Sanford had correctly recorded his language, then the defendant is only answerable for the language that he gave Sanford, and the affidavit, as he understood it was drawn; and if at the time he gave that language to Mr. Sanford and made the affidavit, he gave that language in good faith, believing it was true, and made the affidavit in good faith, believing it contained only the language he gave Sanford, and believing that language was true, then he cannot be convicted, although he may not have seen Mr. Lewis or Judge Lamont at the times and places stated in the affidavit." The Court: "I charge that, and charge in addition to that if this defendant made an unqualified statement of facts to Mr. Sanford, which he put in that affidavit, which he did not know to be true, it is equivalent to a statement of that which he knew to be false." Defendant's counsel: "I except to that in this case, and ask the reverse, because there is no such allegation in the indictment at all." The Court: "I charge it in connection with your proposition." Defendant's counsel: "I except to that."

We think the defendant was entitled to have his first request charged in substance at least. The court did not at first charge the request as made, but, instead of doing so, charged that the defendant must have made the affidavit with an intent to commit a crime, and must have knowingly asserted the material facts in the allega-

tion to be .true. But, as will be seen by an examination of the portion of the record quoted, the court charged that if the jury believed under the facts and circumstances of the case that the defendant " believed when he made the statement to Sanford that he had seen Lewis and Lamont at those places, and that he was mistaken, honestly mistaken," it should acquit him. An examination of the whole charge renders it quite manifest that the court instructed the jury in substantial accordance with the request of the defendant first above quoted. Under these circumstances, we think the refusal of the court to charge as requested did not .constitute such an error as would justify an interference with the judgment.

Isolated portions of a charge will not be seized hold of for the purpose of criticism, if the charge, as a whole, conveys to the jury the correct rule of law on the question, although detached sentences may be erroneous ; and if the language employed is capable of different constructions, that will be adopted which will lead to an affirmance, unless it fairly appears that the jury was, or at least might have been, misled. (*Caldwell* v. *New Jersey Steamboat Co.*, 47 N. Y. 282 ; *Losee* v. *Buchanan*, 51 id. 476, 492 ; *The People* v. *McCullam*, 103 id. 587 ; *Hickenbottom* v. *D., L. & W. R. R. Co.*, 122 id. 91.) In considering whether a single proposition charged is erroneous, it should be construed in connection with the whole charge or so much of it as is connected with and tends to modify or explain the part claimed to be objectionable. And, although a part of the charge excepted to when isolated from the context may be erroneous, yet the judgment will not be disturbed for that cause, if it appears that the jury could not have been misled. (*Sperry* v. *Miller*, 16 N. Y. 407, 413.) Applying the principle of these cases to the charge under consideration it becomes quite manifest, we think, that the refusal of the court to charge as first requested could not have misled the jury, as the true rule of law governing the question was conveyed to it clearly by other and subsequent portions of the charge.

The only remaining question suggested by the appellant as a ground for reversing the judgment is the following language used by the court in its charge to the jury : " If this defendant has walked into the Temple of Justice, at its very altar struck down the Goddess of Justice with impious hand, he should be punished

and that swiftly. But, upon the other hand, if he is innocent, he should be acquitted of this charge, and it would be your duty as well as your pleasure, no doubt, to do so. The importance of this case lies beyond this trial as well as in it. Perjury is a dangerous crime, hard to meet and hard to prove; but if it can be said that in your county perjury can walk into your courts and come out triumphant, human life, human liberty and the rights of property in your county are in jeopardy. Therefore, I say to you, examine this evidence carefully, weigh it in the scales of honest judgment, apply to it your intelligence, and no matter what the consequences are, because with the consequences or punishment of this crime you have nothing to do. That responsibility rests somewhere else, and you should not consider it; but weigh this evidence and fearlessly render such a verdict as you think it justifies." The defendant contends that this portion of the charge was exceedingly prejudicial to him, and that its tendency was to inflame the feelings and passions of the jury, and prevent it from making that calm and impartial examination of the evidence bearing upon the question at issue, which it was its duty to bring to its consideration. When we consider this portion of the charge in connection with the whole charge, we are unable to hold that it was misleading, or that its tendency was to excite the passions of the jury or prejudice it in the examination of the questions involved.

Having thus considered all the questions raised by the appellant in his brief, and having found none that would justify a reversal, it follows that the judgment and orders appealed from should be affirmed.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Judgment of conviction of the Court of Sessions of Otsego county and orders appealed from affirmed; and, after the judgment is entered in the judgment book, a certified copy of the entry shall forthwith be remitted to the clerk of Otsego county, with whom the original judgment roll is filed, in accordance with the provisions of section 547 of the Code of Criminal Procedure.