We are of opinion that the conviction should be affirmed. All concur.

As to repeals by implication see note to People v. Cleary, 11 N. Y. Cr.

---

# Court of General Sessions—New York County.

June, 1896.

## PEOPLE v. CHARLES P. WEBSTER.     (Ten cases.)

(17 Misc. 419.)

1. Constitutional law—Police power.

Section 364a of the Penal Code does not deprive the owners of their property without due process of law.

2. Same.

Such section is an exercise of the police power of the legislature to prevent frauds upon the public by requiring that all silverware so marked shall contain a fixed quantity of silver.

3. Same.

The effacement of the mark from such merchandise does not destroy the property or deprive the owner thereof without due process of law.

**4. Same—Indictment—Statute.**

An indictment for a statutory offense charging the facts constituting a crime in the words of the statute, and containing averments as to time, place, person and other circumstances to identify the particular transaction, is good as a pleading and justifies putting defendant on trial.

**5. Same—Defective.**

Failure to allege, in an indictment under this section of the Penal Code, that the word "Sterling" indicated and denoted that the said articles were then and there sterling silver, is fatal to the indictment.

**6. Same**

When an indictment is framed upon a statute, it must state all the circumstances which constitute the definition of the crime in the statute, so as to bring the accused precisely within it.

Demurrer to the indictment.

John R. Fellows, Dist. Atty., and George Gordon Battle, Asst. Dist. Atty., for the People.

Horace Russell, for defendants Hughes & Hilton.

Frederick R. Coudert and Charles E. Adams, for other defendants.

FITZGERALD, J.—Demurrers have been interposed, in all of the above-entitled actions, and, as a decision upon the first two practically disposes of the others, I will consider the different points raised by the counsel as applying to each, and rule upon all for the reasons set forth, as determining the two cases under immediate consideration.

The statute alleged to have been violated reads as follows (Pen. Code, § 364a):

"A person who makes, or sells, or offers to sell or dispose of, or has in his possession, with intent to sell or dispose of, any article of merchandise marked, stamped or branded with the words 'Sterling' or 'Sterling silver;' or incased or inclosed in any box, package, cover or wrapper, or other thing in, by or which said article is packed, inclosed or otherwise prepared for

sale or disposition, having thereupon any engraving, printed label, stamp, imprint, mark or trademark, indicating or denoting by such marking, stamping, branding, engraving or printing that such article is silver, sterling silver or solid silver, unless nine hundred and twenty-five one-thousandths of the component parts of the metal of which the said article is manufactured is pure silver, is guilty of a misdemeanor."

Each of the indictments contains two counts, the first count charging that the defendant did "unlawfully sell, offer to sell, and dispose of to the person mentioned therein, a certain article of merchandise, described therein, which said article of merchandise was then and there marked, stamped, and branded 'Sterling,' nine hundred and twenty-five one-thousandths of the component parts of the metal of which the said article was then and there manufactured not being then and there pure silver." The second count charges the defendant with having in his possession, with intent to sell and dispose of the same, some article of merchandise, which said article was then and there marked, stamped, and branded with the word "Sterling," 925-1000 of the component parts of the metal of which said article was then and there manufactured not being pure silver.

It is claimed that the indictments are demurrable on three grounds: First. Upon the ground that the statute is unconstitutional, because, in the case of all persons who had silverware of the sort described in their possession when the act took effect, its operation must be to confiscate such silverware, and so it deprives the owners of their property without due process of law. Second. On the ground that the indictment fails to charge guilty knowledge or criminal intent. Third. On the ground that the indictment fails to specify that the word "Sterling" indicates and denotes that the said article was then and there sterling silver.

It is contended that the statute is unconstitutional, and that its enforcement would result in confiscation; that a person who had in his possession with intent to sell or dispose of any of the merchandise which this act declared unlawful, even though he had lawfully acquired it, became eo instante guilty of a misdemeanor. While not feeling called upon to determine upon

demurrer the question of the constitutionality of the act, still in view of the vigor and earnestness with which this point was pressed, I must say that a careful examination of the authorities submitted leads me to the conclusion that the act in question in no way violates the restraints of the constitution. It is argued that the statute fails to exclude from its operation, but, on the contrary, affirmatively includes within such operation, the case of every person who, at the instant the law went into effect, had in his possession, with intent to sell or dispose of, any of the articles mentioned in the section. There is no question of the fact that possession with intent to sell was lawful before the passage of this section. The failure to exclude previous possession from its operation when simple possession (unaccompanied by intent) is made criminal is very different from failure to exclude where an act is declared criminal only when accompanied with a particular intent.

The case of Wynehamer v. People, in 13 N. Y. 378, mainly relied upon by the defendants, does not, in my opinion, support their claim. The mere possession of liquors, innocent of any intent to sell (except for specific uses) elsewhere than in a dwelling house, was made criminal by the act then under consideration; and Judge Hubbard says, at page 455:

"I have examined the first section of the law with care, to see if it could be construed in such manner as to make the keeping in any place except a dwelling house criminal only when accompanied with an intent to sell.

And Judge Selden, in the same case, at page 435, uses the following language:

"It is not sufficient that they impair the value of the property in ever so great a degree, because this destroys no right. It leaves to the owner, unimpaired, his right to keep, to use, and dispose of the article. It does not, therefore, deprive him of any right of property. All regulations of trade, with a view to the public interest, may, more or less, impair the value of property; but they do not come within the constitutional inhibition unless they particularly take away or destroy those rights in which property consists. This destruction must be, for all specific purposes, total, not that a merely colorable preserva-

tion of some minute and trivial interest would uphold the act. A substantial right of property must be saved, and the provisions must be such as may fairly be considered as intended to regulate, rather than subvert and destroy, the property."

The provisions of the section now under consideration are such as tend to regulate, rather than subvert and destroy, property. It is an exercise of the police power of the legislature to prevent frauds upon the public by requiring that all silverware so marked shall contain a fixed quantity of silver. The effacement of the mark from such merchandise previously acquired may impair its merchantable value, but it cannot be held that by this act the property is destroyed, or the owner deprived thereof, without due process of law. Bertholf v. O'Reilly, 74 N. Y. 509; In re Jacobs, 98 id. 98; People v. Marx, 99 id. 377; 2 N. E. 29.

Neither do I think that the second ground upon which the demurrers are submitted is a tenable one. It is sufficient that the indictment follows the language of the statute defining the crime, or that words of similar import are employed. It is well settled that an indictment for a statutory offense charging the facts constituting the crime in the words of the statute, and containing averments as to time, place, person, and other circumstances to identify the particular transaction, is good as a pleading, and justifies putting the defendant on trial. People v. West, 106 N. Y. 295; 12 N. E. 610; Whart. Cr. Law, § 364; People v. Taylor, 3 Denio, 91.

The third objection, that the failure to allege that the word "Sterling" indicated and denoted that the said articles were then and there sterling silver, is, I think, properly submitted, and the omission of these words is fatal to the indictment. The rules of criminal pleading require that the indictment must state the facts constituting the offense. When an indictment is framed upon a statute, it must state all the circumstances which constitute the definition of the crime in the statute, so as to bring the accused precisely within it. People v. Williams, 92 Hun, 354; 36 N. Y. Supp. 511. As the learned counsel for the defendant Hilton very forcibly expresses it in his brief: "The sale of a steel scissors as a steel scissors, with the word

'Sterling' upon it, could not reasonably be construed into a violation of the section." And yet, if this indictment were held to be good, all the allegations it contained could be established upon proof of just such facts. The learned district attorney was evidently misled by the punctuation into deeming the words, "indicating or denoting by such marking, stamping, branding, engraving or printing that such article is silver, sterling silver or solid silver," as only applying to the latter clause of the section following the semi-colon on the fourth line; but, in my judgment, the correct interpretation of the whole section would hold that it applied equally to articles as mentioned in the first clause as to "package, box, cover or wrapper" containing such articles, as mentioned in the second clause. Punctuation is in no case controlling upon interpretations. Bish. St. Crimes, § 78. The purpose and essence, the only conceivable reasons for such an enactment, are that it was intended to prevent fraud or imposition. Its object is to protect the public from deception, to guard them against the snares of the wily trader, who might seek to lure a purchaser into the belief that he was getting an article of standard value when, in fact, he was only receiving one of inferior kind. As the defect in the indictments is a material one, the demurrers must be allowed.

Demurrers sustained.

As to indictment following language of statute, see note on "Indictment" in 10 N. Y. Cr. 558, 562.