THOMAS FOSTER, Plaintiff in Error, *v.* THE PEOPLE OF THE
STATE OF NEW YORK, Defendants in Error.

Upon the trial of an indictment for burglary, evidence that an article not
laid in the indictment as part of the property stolen, was taken with the
articles specified, and evidence tending to identify it with a similar arti-
cle seen thereafter in the possession of the accused, is competent.

Upon such a trial a box was produced and identified as one made for the prisoner, taken by him into his house and sent from there in an express wagon, addressed to him in Boston. Some of the stolen property was sent away with it. It was called for by prisoner at the express office in that city. The box contained burglars' tools. *Held*, that the evidence sufficiently connected the prisoner with the box to make it competent to prove its contents, and also, that it was competent to show the tools to the jury, and to prove their names and uses.

Evidence was given that the scuttle to the store was found broken to pieces and the staple to the lock of the back door forced off. *Held*, that this was sufficient to warrant a finding of a breaking in.

(Argued November 10, 1875; decided November 23, 1875.)

PLAINTIFF in error was indicted for burglary in breaking open a store in the city of New York and stealing a quantity of silk. (Reported below, 3 Hun, 6.)

Upon the trial evidence was received, under objection, that a box of cigars was taken at the same time. *Held*, proper as part of the *res gestæ*.

A witness testified that early on the morning after the burglary she saw the prisoner and two other persons come to prisoner's house with a light wagon covered over with old canvas; that the driver took from the wagon two or three large sacks, the contents of one of which she saw, and they appeared to be velvet or silk; and they also took out a cigar box and a small trunk answering to the description of those taken from the store; that on the same day the prisoner went to a carpenter shop adjoining his house, and had a box made which he took into his house, which was soon thereafter brought out and put into an express wagon with a large trunk, three valises and the same small trunk. This box was produced in court and identified by her. It was marked with the prisoner's name, and addressed to Boston. It was found at the express office in Boston, where the prisoner was arrested when he, called for it. It was filled with burglars' tools. The box and contents were presented and received, under objection, as evidence, and testimony was also given, under objection, as to the names and uses of the tools. *Held*, no error.

To prove a breaking in, evidence was given that on the morning after the goods were taken, the cover to the scuttle

in the roof of the store was found broken to pieces, and the staple for the bolt of the lock of the back door was found forced off. *Held*, sufficient to warrant the finding of a breaking in.

*Mitchell Laird* for the plaintiff in error.

*Benjamin K. Phelps* for the defendants in error.

FOLGER, J. reads for affirmanee.
All concur.
Judgment affirmed.